CHARLES AND EDITH POLLOCK v. THE HOUSEHOLD OF RUTH
AND KATE HARDY.

(Filed 4 March, 1909.)

1. **Insurance—Mutual or Insurance Orders—Beneficiary Changed.**

When not restricted by some provision of law, general or special, or by some rule of the company affecting the contract, a member of a mutual benefit society or fraternal order with an insurance feature as an incident of membership may designate the beneficiary and change him at will. The reference to fraternal orders in the Revisal, sec. 4794, does not amount to such restriction.

2. **Insurance—Beneficiary—Insurable Interest—Insured—Payment of Premiums.**

When the insured takes out a policy of insurance on his own life for another's benefit, pays or arranges for the payment of the premiums himself and on his own account and not as a mere "cloak or cover for a wagering transaction," it is not void by reason of the principle which obtains, that there must be an insurable interest.

3. **Insurance—Premiums Paid by Beneficiary—Beneficiary Changed—No Agreement—Proceeds of Policy.**

When the insured has lawfully exercised his right to change the beneficiary under his policy of insurance, the original beneficiary is not entitled to its proceeds at maturity by reason of having paid the premiums thereon for a period of time, unless the payments were made under an agreement or contract to that effect or under circumstances where a change of the beneficiary would constitute fraud.

ACTION heard by *O. H. Allen, J.,* on appeal from a justice's court and on facts agreed, at Fall Term, 1908, of CRAVEN.

From the facts formally agreed upon, as stated, it appeared that Barbara Wooten had died, at the time of her death being a member in good standing in defendant company and holding a policy of insurance or certificate of said company, and in which the plaintiffs, the brother and sister of deceased, had been originally designated as beneficiaries. It further appeared:

2. That about a week prior to her death the insured caused the name of Katie Hardy to be substituted in the same policy as beneficiary in the place of Charles and Edith Pollock, which

·was done by the district worthy recorder, Addie L. Whittiker, of the endowment department of the defendant company, at the request of the insured.

3. That Katie Hardy is no relation to the insured.

4. That a part of the premiums were paid by Charles and Edith Pollock and a part by the deceased, and some part paid by the local lodge out of money allowed to the deceased for sick benefits and due to her, and that the policy was in force and the premium paid up to the death of the insured, who died on 29 December, 1907.

5. That there is nothing contained in the charter or by-laws of the said insurance company giving the insured the right to change the beneficiaries, nor is there any power of revocation in the said policy above named, and that the said change and substitutions were made without the knowledge or consent of the said Charles and Edith Pollock, and that there was no contract between the said Barbara Wooten and Charles Pollock and Edith Pollock, either written or verbal, that the beneficiaries should or should not be changed.

6. That the said insurance company is a mutual benefit company.

7. That the said insurance company stands ready and willing to pay the amount of the policy to whomsoever is adjudged to be the rightful claimant, and that the said company claims no interest in the controversy.

Upon the facts the court adjudged that the fund belonged to the defendant Kate Hardy, the beneficiary last designated, and that plaintiffs take nothing by their suit. Thereupon plaintiffs excepted and appealed.

*W. W. Clark* and *R. W. Williams* for plaintiffs.
No counsel *contra.*

HOKE, J., after stating the case: It is very generally recognized that in these mutual benefit societies and fraternal orders, carrying an insurance feature as an incident of membership, a member holding a policy of insurance may designate anyone whom he may select as beneficiary, unless this right of selection is confined or restricted by some provision of law or some rule

of the company affecting the contract. Bacon on Benefit Socie-
ties and Life Insurance (3d Ed.), Vol. 1, sec. 246. In the
present case neither the policy nor the rules of the order seem
to contain any stipulation affecting the matter, and we find no
statutory provision of the kind suggested, for it will not be
contended that the mere reference to fraternal societies con-
tained in the Revisal, sec. 4794, amounts to such a restriction.
Cooley's Briefs on the Law of Insurance, Vol. 1, page 797.

This position in no way conflicts with the principle which
obtains with us, that to justify the taking out of a life insurance
policy there must exist an insurable interest. Such a principle
is recognized in cases where one takes out a policy on the life
of another, but does not apply when the insured takes out a
policy on his own life and pays or arranges for the payment of
the premium himself and on his own account *(Albert v. In-
surance Co.,* 122 N. C., 92; *Union Fraternal League v. Walton,*
109 Ga., 1), and unless such an arrangement is a mere "cloak
or cover for a wagering transaction." 29 Cyc., 116. It is fur-
ther established, certainly by the weight of authority, that, in
the absence of some restriction of the kind indicated, some
inhibitory provision of the general law or the charter, or some
rule of the company affecting the matter, a member holding a
policy or benefit certificate may change the beneficiary at his
election. If certain formalities are required, they must, as a
rule, be observed, but unless restrained, as indicated, the mem-
ber may change the beneficiary at will, and the last holder prop-
erly designated will be entitled to the fund. Niblack on Ben-
efit Societies, pp. 331-409; Bacon on Benefit Societies and Life
Insurance, Vol. 1, 291a, 308.

In this last reference (section 291a) the author says: "Bene-
ficiaries have no property in benefit, but a mere expectancy.
Under the contract entered into between a beneficiary society
and the member, or wherever the right to change the beneficiary
is reserved in the contract, the designated beneficiary has no
property in the benefit to be paid, but a mere expectancy. The
Supreme Court of California has thus stated the rule: 'The ben-
eficiary named in the certificate has no interest or property there-
in that her heirs could succeed to. Her interest was a mere

expectancy of an incomplete gift. It was revocable at the will of the insured and could not ripen into a right until his death. Her right under the certificate was not unlike that of an heir apparent, and that is not to be deemed an interest of any kind.' The same doctrine was fully set forth by the Court of Errors and Appeals of New Jersey, where the court said: 'By the terms of such contracts (those of benefit societies) the beneficiary may be changed by the mere will of the member and without the beneficiary's consent. In such case the right of the beneficiary is not property, but a mere expectancy, dependent on the will of the member to whom the certificate is issued. For this reason the beneficiary's interest in the certificate and contract evidenced thereby differs totally from the interest of a beneficiary named in an ordinary life insurance policy containing no provision for the designation of a new beneficiary. The cases, so far as I can discover, are agreed upon this doctrine.' This principle is now so well settled that no further authorities need be cited."

There may be, and not infrequently are, facts and circumstances existing which would raise an equity in the original beneficiary and which would justify and require a court to interfere for his protection; but the authorities are very generally to the effect that the mere payment of the premiums and dues for a time, without more, and in the absence of a binding contract that the beneficiaries then designated should receive the proceeds of the policy or the benefits arising therefrom, would not support such a claim. Thus, in 29 Cyc., pp. 128-129, the author says: "An equity in favor of the original beneficiary precluding the substitution of another in his place may rest on a contract between him and the member, based on a sufficient consideration, by which he is to receive the benefits. Thus, if a member designates a beneficiary or, having designated a beneficiary, delivers the certificate to him, on an agreement that he shall receive the benefits in consideration of past advances made by him, or present or future advances, or in consideration of his promise to pay dues and assessments, which promise is fulfilled, the member cannot thereafter substitute a different person as beneficiary. However, the fact that the person originally designated incurs expenses with reference to the transaction on

the faith of the designation, as by paying dues and assessments to keep the certificate alive, does not prevent the substitution of a new beneficiary in his place, in the absence of a contract that he is to receive the benefits, nor does the fact that the member delivers the certificate to the beneficiary as a gift preclude him from subsequently substituting a new beneficiary."

An application of the principles stated fully justifies the court in entering the judgment of nonsuit. There is no provision of law, general or special, and no rule of the company or stipulation of the policy which forbids the change that was made in the present case; and there are no facts or circumstances which show that the payments by the original beneficiaries were made under any contract or agreement with the insured that would give plaintiffs any right to the relief which they seek. There is, therefore, no error appearing, and the judgment below is

Affirmed.