## CARRIE S. APPLEBAUM v. ORDER OF UNITED COMMERCIAL TRAVELERS OF AMERICA.

(Filed 3 May, 1916.)

**1. Insurance—Fraternal Orders—Restricted Beneficiaries.**

A fraternal assessment benefit association having a representative form of government may, by its contract and constitution, confine the beneficiaries to certain blood relatives, wife, affianced wife, persons dependent upon the member, etc., in conformity with the laws of the State wherein it has its head organization; and where such beneficiary sues upon a policy, claiming as the wife of the deceased member, and it appears that in fact the marriage was bigamous, she may not recover, though the certificate states she was his wife.

**2. Same—Wife—Bigamy—Evidence—Questions of Law—Trials.**

Where the plaintiff seeks to recover upon a certificate issued by a fraternal assessment benefit association as the wife of the deceased, and it appears that the marriage ceremony was twice performed, but at a time when the deceased had a lawful living wife, and that under the valid terms of the certificate she could not otherwise recover as a beneficiary: *Held*, a recovery will be denied as a matter of law.

**3. Insurance—Fraternal Orders—Restrictive Beneficiaries—"Dependents."**

Where a certificate of membership in a fraternal assessment benefit association confines the beneficiaries, among others, to a certain class of blood relations, to the wife and to "persons dependent upon the member," it means to such persons as are legally dependent and of the same class *ejusdem generis* as the relationship already stated, and may not be extended to include one claiming as a wife, but in fact by a bigamous marriage.

APPEAL by plaintiff from *Lane, J.,* at March Term, 1915, of MECK-LENBURG.

*J. Frank Flowers and Anderson, Slate & D'Orr for plaintiff.*
*Tillett & Guthrie for defendant.*

CLARK, C. J. This is an action to recover $5,000 on account of the accidental death of Jerome Applebaum and $1,300 for benefits by the plaintiff as the beneficiary of a certificate of membership issued upon

his application to said Jerome Applebaum by the defendant company.

The certificate recites as follows: "Payment in case of death by accident under the provisions of the constitution shall be made to Callie S. Applebaum, 606 Kinston Avenue, Charlotte, N. C., whose relationship to me is that of wife."

Said application also contains the following:

"NOTE.—By the statutes of Ohio, the payment of death benefits shall be confined to the family, heirs, relatives by blood, marriage, or legal adoption (named), affianced wife, or to a person or persons dependent upon the member; and no certificate shall be made payable to 'myself,' 'my estate,' 'persons named in my will,' or to any beneficiary other than designated by the statutes above cited."

Section 7 of defendant's constitution followed this statute and limited the beneficiary to the above named classes. The defendant, as set out in its answer, is a fraternal benefit association with lodges, ritualistic form of work, and representative form of government, organized for the purpose of making provision for the payment of benefits as the result of accident and for the sole benefit of its members and their beneficiaries, and not for profit. The defendant provides no benefit for profit, but by means of assessments raises funds to be disbursed to its members and their beneficiaries according to the rules and regulations set forth in the constitution and by-laws.

There was much evidence tending to show that the death of Jerome Applebaum was not an accident, but was caused by pistol shots at the hands of the plaintiff. We need not consider the exceptions raised as to this matter, for it seems to us that upon the face of the certificate and upon the uncontradicted evidence the plaintiff is not entitled to maintain her action.

Upon the uncontradicted testimony the plaintiff went through the marriage ceremony with the deceased in 1911 in New Orleans. She again was a party to the marriage ceremony with him 1 July, 1912. It appears that she was married twice before, but the plaintiff states that she was divorced from both of these husbands. She does not know whether or not they are still living.

Jerome Applebaum was legally married to Blanche Dean 18 May, 1909, and this marriage continued in effect until 13 February, 1913, at which time she obtained a divorce from him at Kansas City, Mo. He died or was killed 25 February, twelve days thereafter, in Atlanta, Ga. It is very clear from this statement that the plaintiff was not his wife at the time of his application and the issue of the certificate of membership, nor at date of his death. By the terms indorsed on said application and under the statute of Ohio where the company is chartered the "payment of death benefits shall be confined to the family, heirs, relatives by blood, marriage, or legal adoption, affianced wife,

or to a person or persons dependent upon the member." The plaintiff does not come under either of these terms. By "person dependent upon the member" is meant legally dependent and of the same general class *ejusdem generis* as the relationship already cited. It follows that the plaintiff cannot maintain the action, and the nonsuit was properly ordered.

The defendant had a right to agree with its members, and did agree, for a restriction of the benefits to those legally dependent upon him and connected by ties of blood or marriage or by adoption or affianced wife. The plaintiff upon her own testimony does not belong to any of the classes named. She is his bigamous wife, and does not come within the class named as beneficiaries. The defendant is not, therefore, required to assess its other members to raise the sum of $6,300 for the plaintiff. Naming her as the applicant's wife in the application was a fraud, and does not entitle her to be a beneficiary of the contract. The judgment of nonsuit is

Affirmed.