THE EQUITABLE TRUST COMPANY, TRUSTEE, v. THE WIDOWS' FUND OF OASIS AND OMAR TEMPLES, CHARLOTTE, NORTH CAROLINA, AND MRS. ANNA LEA LANSBURGH v. THE WIDOWS' FUND OF OASIS· AND OMAR TEMPLES, CHARLOTTE, NORTH CAROLINA.

(Filed 1 January, 1935.)

1. **Insurance G a — Contract defining association as Fraternal Benefit Society held Fraternal Benefit Contract governed by C. S., 6508.**

    A contract in the form of a life insurance policy with a mutual benefit society, which contract stipulates that insured agrees that the society is a Fraternal Benefit Society as defined by C. S., 6497, is a .Fraternal Benefit Contract, and C. S., 6508, prescribing certain limitations upon the designation of beneficiaries in such contracts applies, and the contention that the contract is not controlled by the statute for that the statute applies only to membership benefits and not to insurance policies, cannot be sustained.

2. **Insurance G f—Trust company held not properly named beneficiary in Fraternal Benefit Contract.**

    An incorporated trust company, authorized by a trust agreement to collect the proceeds of life insurance policies on the life of the trustor upon his death, and administer the funds for the benefit of the children of the trustor's sisters, with power to advance money to the trustor's administrator to pay taxes, claims, or other indebtedness of the estate, may not be named beneficiary in a Fraternal Benefit Contract on the trustor's life, the trustee not being a natural person nor a charitable institution as defined by C. S., 6508, and being empowered to use the funds for purposes other than for the benefit of the trustor's kindred, and where the wife of the trustor is named beneficiary in the Fraternal Benefit Contract and the attempted change of beneficiary to the trust company is made without the consent of the wife, as required by the by-laws of the society, made a part of the contract, for change of beneficiary, the trustor's wife and not the trust company is entitled to the proceeds of the Fraternal Benefit Contract.

CIVIL ACTION, before *Shaw, Emergency J.,* at April Special Term, 1934, of MECKLENBURG.

On 1 May, 1930, Henry B. Lansburgh received a benefit certificate, No. 1224, from The Widows' Fund of Oasis and Omar Temples. The amount of insurance provided in said certificate was $1,200, and the beneficiary named therein was Mrs. Anna Lea Lansburgh, wife of the insured.

On 14 January, 1932, Henry B. Lansburgh executed a trust agreement with the Equitable Trust Company, trustee. This trust agreement recites that "the insured desires to establish a trust of certain policies of insurance upon his life, and of the proceeds of said policies, which policies are set forth in Schedule A," etc. Paragraph 5 of the trust agreement provides that "on the death of the insured, the trustee shall, with reasonable diligence and dispatch, collect the net proceeds of such of said life insurance policies so made payable to it as are then in force. . . . But the trustee may utilize the proceeds of any policy to meet expenses incurred in connection with enforcing payment of any other policy." Paragraph 7 authorizes "said trustee, in the exercise of its sole and absolute discretion, may purchase securities or property of any kind, . . . make loans or advances to the executor or administrator of the insured in case such executor or administrator is in the opinion of said trustee in need of cash with which to pay taxes, claims, or other indebtedness of the estate of the insured." It was further provided that the net proceeds of the trust should be held by said trustee for the use and benefit of the children of sisters of the insured according to certain limitations set forth in the instrument.

On 26 October, 1932, the insured made an application to the 'Widows' Fund of Oasis and Omar Temples, declaring that the aforesaid Certificate No. 1224 had been lost and applying for insurance in the amount of $1,200, and specifying that in the new certificate or policy his wife, Anna Lea Lansburgh, should be made beneficiary, reserving the right to change the beneficiary. Accordingly, Policy or Certificate No. 11689 was duly issued to the insured and such policy named Anna Lea Lansburgh as beneficiary.

Thereafter, on 13 March, 1933, the insured requested the Widows' Fund of Oasis and Omar Temples to name the Equitable Trust Company of Baltimore, Maryland, trustee, as the beneficiary in said policy.

The insured died on 24 March, 1933. After the death of the insured the widow, Anna Lea Lansburgh, claimed the fund and brought a suit against the Widows' Fund of Oasis and Omar Temples, Charlotte, North Carolina, to recover the same. In the meantime, the Equitable Trust Company, trustee, brought a suit against the same defendant, asserting that it was entitled to the insurance fund by virtue of the fact of the change of beneficiary from the wife to said plaintiff.

The cases were consolidated for trial.

The widow, Anna Lea Lansburgh, offered in evidence the by-laws of the Widows' Fund and certain allegations in the pleadings tending to show the facts as above stated. The Equitable Trust Company offered in evidence Policy No. 11689, "with the name of Anna Lea Lansburgh, wife of beneficiary, stricken out with red ink," etc., and also offered the trust agreement between it and the insured. Section 10 of the by-laws of the Widows' Fund is as follows: "In case the certificate of membership shall be lost or destroyed, and a member desires to procure a new certificate of membership, or desires to change the beneficiary designated therein, he shall have the designated beneficiary, if living, join in the application for a new certificate, or for change of the beneficiary."

Two issues were submitted to the jury, as follows:

1. "Is the defendant indebted to the plaintiff, Mrs. Anna Lea Lansburgh; if so, in what amount?"

2. "Is the defendant indebted to the plaintiff Equitable Trust Company; if so, in what amount?"

The court instructed the jury to answer the first issue "Yes," and the second issue "No."

From judgment upon the verdict in favor of the widow, the Equitable Trust Company, trustee, appealed.

*J. L. DeLaney* for Mrs. Anna Lea Lansburgh.
*Wm. Lentz and Murray Allen* for Equitable Trust Company.
*Thos. W. Alexander* for defendant.

BROGDEN, J.   The legal problems presented are:

1. Does Contract No. 11689, issued by the Widows' Fund, fall within the provision of C. S., 6508?

2. Was the substitution of the Equitable Trust Company, trustee, for Anna Lea Lansburgh, wife, a valid change of beneficiary?

C. S., sec. 6491, *et seq.*, constitutes the statutory law with reference to fraternal orders and societies. (a) "Fraternal Benefit Society" is defined by C. S., 6497. C. S., 6508, specifies the beneficiary in fraternal certificates or policies issued to members of the order. It is noteworthy that such beneficiary shall be natural persons, who are kin to the insured by blood, marriage, or adoption, or dependent "upon the member." Certain charitable institutions may be a beneficiary, but the Equitable Trust Company, trustee, is not within such statutory designation. The statute provides that "within the above instructions each member shall have the right to designate his beneficiary, and, from time to time, have the same changed in accordance with the laws, rules, and regulations of society," etc.

The Equitable Trust Company, trustee, insists, however, that the statute applies to membership benefits, and that as Contract No. 11689

is a policy of insurance, it is thereby excluded from the operation of C. S., 6508. Contract No. 11689 is in the form of an insurance policy. It requires the payment of a monthly premium and contains certain provisions relating to forfeitures, loans, assignments, legal reserve, etc. However, paragraph 12 of the contract is as follows: "The insured agrees that the Widows' Fund of Oasis and Omar Temples is a Fraternal Benefit Society without capital stock, organized and carried on solely for the mutual benefit of its insured members and their beneficiaries and not for profit, and having a lodge system and representative form of government; that the by-laws of the association, the application for membership therein, the medical examination, if any, signed by the applicant, and this policy, constitute the entire agreement between the parties hereto," etc. This declaration in the contract classifies it squarely within the definition of Fraternal Benefit Society contained in C. S., 6497. Manifestly, therefore, the contract must be interpreted and construed as a Fraternal Benefit Contract, and, if so, C. S., 6508, is applicable.

In answering the second problem of law, it must, therefore, be assumed that C. S., 6508, governs the interpretation of contract. The Equitable Trust Company, trustee, is not a relative by blood or marriage to the insured, nor is it a dependent. While the trust company, under the trust agreement with the insured, is in general terms required to use the fund for the use and benefit of the children of the sisters of the insured, nevertheless the trust agreement authorizes and empowers the trustee in the exercise of its discretion to advance money to the executor or administrator of the insured "with which to pay taxes, claims, or other indebtedness of the estate of the insured."

Furthermore, the by-laws of Widows' Fund were offered in evidence and article 10 thereof declares "in case the certificate of membership shall be lost or destroyed, and a member desires to procure a new certificate of membership, or desires to change the beneficiary designated therein, he shall have the designated beneficiary, if living, join in the application for a new certificate," etc. Paragraph 12 of Contract 11689 specifies that the by-laws as well as the policy shall be a part of the agreement between the parties. There is no evidence that the wife, Anna Lea Lansburgh, the beneficiary in the original membership certificate which was lost, consented to the elimination of her name as beneficiary in Contract No. 11689 and the substitution of Equitable Trust Company, trustee.

Therefore, the court concludes upon the entire record that as C. S., 6508, is applicable, the change of beneficiary was invalid. It necessarily follows that the wife, Anna Lea Lansburgh, is entitled to the proceeds of the contract, and that the ruling of the trial judge was correct.

Affirmed.