QUINT L. SORRELL v. SOVEREIGN CAMP, WOODMEN OF THE WORLD,
AND J. BOSTWICK COOKE.

(Filed 22 January, 1936.)

**Insurance N a—Beneficiary has no vested interest in policy, nor does payment of dues or premiums create lien on policy or proceeds.**

In this action involving the right to proceeds from a mutual benefit certificate, it appeared that insured's wife was named beneficiary therein, and kept the certificate in force for a number of years by paying the necessary dues and assessments, that after her death insured's brother, who, upon the death of insured's wife, became the beneficiary under the terms of the certificate as insured's nearest blood relation, kept the certificate in force by paying the dues and assessments until the death of the insured a short time thereafter. The wife left a will in which she attempted to devise her interest in the policy to her nephew. *Held:* Under the terms of the certificate the insured's brother was entitled to the proceeds thereof, to the exclusion of the wife's nephew, the payment of dues or premiums alone being insufficient to create a lien against the certificate, or the proceeds thereof, and the wife at no time having any vested interest as the named beneficiary which she could bequeath by will. C. S., 6508.

APPEAL by the defendant J. Bostwick Cooke from *Harris, J.,* at June Term, 1935, of DURHAM. Affirmed.

This is an action to recover the sum due on a benefit certificate issued by the defendant Sovereign Camp, Woodmen of the World, on 1 June, 1929, to Albert V. Sorrell, who was at said date a member of its local camp, No. 412, Woodmen of the World, located at Durham, N. C.

Albert V. Sorrell died during the month of December, 1934, leaving as his nearest living relative the plaintiff, who is his only surviving brother. He left no wife, child, parent, grandchild, or sister surviving him.

By said certificate the defendant promised to pay to the beneficiary designated therein, at the death of Albert V. Sorrell, a sum of money

to be determined in accordance with the provisions of said certificate. This sum at the date of the trial of the action was $657.57, and had been paid by the defendant into the office of the clerk of the Superior Court of Durham County, pursuant to an order made in the action, to await final judgment.

The beneficiary designated in the certificate at the date of its issue was Quinnette Sorrell, who was at said date the wife of Albert V. Sorrell. She and the said Albert V. Sorrell were divorced from each other during the year 1931. She died on 11 September, 1933. No other beneficiary had been designated in the certificate.

It is provided in the certificate that "in the event of the death of all the beneficiaries designated in the certificate before the death of the member, if no new designation has been made, the benefits shall be paid to the surviving wife and surviving children and adopted children of the member, share and share alike; provided, that such surviving wife shall not be entitled to any benefits if she shall have been divorced; provided, further, that if there be no surviving wife, the surviving children and adopted children, if any, shall be entitled to all such benefits, and if there shall be no surviving children or adopted children, then the surviving wife, if any, shall be entitled to the benefits, but if there be no surviving wife, children, or adopted children, such benefits shall be paid to the next living relative of the member in the following order: parents or surviving parent, grandchildren, brothers and sisters, other blood relations, father-in-law, mother-in-law, son-in-law, daughter-in-law, brother-in-law, sister-in-law, step-father, step-mother, step-children, step-brother, step-sister, and persons dependent upon the member; and blood relatives of the half blood shall share equally with those of the full blood."

The certificate sued on in this action, dated 1 June, 1929, was issued by the defendant in exchange for a certificate issued by the defendant on 27 March, 1913, to Albert V. Sorrell. Quinnette Sorrell, wife of Albert V. Sorrell, was designated as beneficiary in the original certificate. Some time after the issuance of said original certificate, Albert V. Sorrell stopped paying the dues and assessments required to keep said certificate in force, and thereupon Quinnette Sorrell, as the beneficiary designated in said certificate, paid the said dues and assessments until the said certificate was exchanged for the new certificate, dated 1 June, 1929. Quinnette Sorrell paid all the dues and assessments required to keep the new certificate in force until her death on 11 September, 1933. The sums paid by Quinnette Sorrell as dues and assessments required to keep both certificates in force amount to more than $459.00. At her death, Quinnette Sorrell left a last will and testament, containing Item 4, which is as follows:

"I give and bequeath to my beloved nephew, J. Bostwick Cooke, all the personal property of every nature, condition, and kind, including insurance policies, moneys, and other things of value, to him absolutely forever."

After the death of Quinnette Sorrell, the defendant J. Bostwick Cooke paid the dues and assessments required to keep the certificate sued on in force until the death of Albert V. Sorrell. The sums paid by the said defendant as dues and assessments required to keep said certificate in force amount to $38.25.

On the foregoing facts, which were admitted in the pleadings in the action, it was ordered, considered, and adjudged by the court that the plaintiff is entitled to the sum due on the certificate sued on, and that the clerk of the Superior Court of Durham County pay to the plaintiff the sum of $657.57, now in his hands, after first deducting from said sum the costs of the action.

From this judgment the defendant J. Bostwick Cooke appealed to the Supreme Court, assigning error in the judgment.

*R. O. Everett for plaintiff.*
*Charles Scarlett for defendant.*

CONNOR, J. On the facts admitted in the pleadings and under the provisions of the benefit certificate sued on in this action, the plaintiff is entitled to the sum which was due on said certificate at the death of Albert V. Sorrell.

The beneficiary designated in the certificate died before the death of Albert V. Sorrell, the insured. He left surviving him no wife or child, no parent, grandchild, or sister. In such case, it is provided in the certificate that the benefits shall be paid to the next living relative of the insured. The plaintiff, as his only surviving brother, is the nearest living relation of Albert V. Sorrell, deceased, and is therefore entitled to the sum due on the certificate at his death.

The defendant J. Bostwick Cooke, who was made a party to the action after its commencement, on his own motion, is not entitled to the sum due on the certificate, or to any part of said sum. He claims under the last will and testament of Quinnette Sorrell, deceased, who was the beneficiary designated in the certificate prior to her death. At no time during her life did she have any vested interest in the certificate which she could bequeath by her last will and testament. C. S., 6508.

Neither Quinnette Sorrell nor the defendant J. Bostwick Cooke had any lien on the certificate or on the sum due on the certificate, for the sums paid by them as dues and assessments required to keep the certificate in force. In *Pollock v. Household of Ruth,* 150 N. C., 211, 63

S. E., 940, it is said: "There may be, and not infrequently are, facts and circumstances existing which would raise an equity in the original beneficiary and which would justify and require a court to interfere for his protection; but the authorities are very generally to the effect that the mere payment of the premiums and dues for a time, without more, and in the absence of a binding contract that the beneficiaries then designated should receive the proceeds of the policy or the benefits arising therefrom, would not support such a claim."

The judgment is
Affirmed.