THE NATIONAL COUNCIL, JUNIOR ORDER UNITED AMERICAN MECHANICS; THE STATE COUNCIL, JUNIOR ORDER UNITED AMERICAN MECHANICS OF NORTH CAROLINA; BURKEMONT COUNCIL No. 44, JUNIOR ORDER UNITED AMERICAN MECHANICS; AND ERNEST BOLICK, RECORDING SECRETARY OF BURKEMONT COUNCIL No. 44, JUNIOR ORDER UNITED AMERICAN MECHANICS, PLAINTIFFS, v. MRS. CHARLES E. TATE AND ROSEBUD TATE, DEFENDANTS.

(Filed 3 November, 1937.)

1. **Insurance § 36a—Wife of insured held his "legal dependent" and entitled to proceeds of mutual benefit insurance contract.**

   The by-laws of plaintiff fraternal benefit society provided that upon the death of a member in good standing in its funeral benefit association, his "legal dependent" should receive the amount stipulated in the contract. At the time of insured's death there were no by-laws governing change of beneficiary. At the time he became a member of the association

insured was supporting his wife and daughter, but shortly thereafter his daughter, who was over eighteen years of age, moved to another state and ceased to live with her parents. Insured signed a memorandum, which was filed in the roll book of the local council by the recording secretary, stating he wished his funeral benefit insurance paid to his daughter, as he considered her his legal dependent, his wife having other insurance. *Held:* Upon the death of insured his wife alone was his legal dependent and entitled to the payment of the funeral benefits, and while an insured ordinarily may change the beneficiary of an insurance contract, unless restrained by some provision of law or rule of the order, the paper-writing signed by insured erroneously describing his daughter as his "legal dependent" cannot have this effect.

**2. Legal Dependents.**

A "legal dependent" of a person is one whom he is required by law to support and not merely one he may lawfully support, and the legal wife of a person is a "legal dependent." C. S., 6508, 4447.

**3. Insurance § 6a—**

Where two rival claimants for the proceeds of a life insurance contract threaten suit, a suit instituted by insurer to determine which is lawfully entitled thereto, cannot constitute a waiver or ratification of an attempted change of beneficiary by insured prior to his death.

WINBORNE, J., took no part in the consideration or decision of this case.

APPEAL by defendant Mrs. Charles E. Tate from judgment rendered by *Harding, J.,* at June Term, 1937, of BURKE. Reversed.

Action to determine the proper beneficiary of funeral benefits or insurance on the life of Charles E. Tate, deceased. The plaintiff, Junior Order United American Mechanics, a fraternal benefit society, acting through its funeral benefit department, is ready to pay the proceeds of the benefits due on the death of decedent, to wit, $500.00, and check for same is in the custody of plaintiff Ernest Bolick, recording secretary of the local council of said society, for payment to the legal beneficiary. Each of the defendants, Mrs. Charles E. Tate, the widow, and Rosebud Tate, daughter of decedent, claims to be the legal beneficiary entitled to the fund. By order of court the plaintiff was permitted to pay the fund (less certain expenses) into court and to be discharged from all further liability, leaving the two defendants to litigate their respective claims.

Jury trial was waived, and it was agreed that the trial judge should hear the evidence, find the facts, and render judgment upon his conclusions of law thereon.

The material and pertinent facts found by the judge may be summarized as follows:

The Junior Order of United American Mechanics is a fraternal benefit society. The plaintiff, National Council or supreme governing body of the society, is a corporation organized and existing under the laws of

the State of Pennsylvania. The plaintiff, State Council Junior Order United American Mechanics of North Carolina, is a corporation organized under the laws of North Carolina and is the state council of said society. The plaintiff, Burkemont Council, No. 44, is the subordinate council or lodge of said society, of which deceased was a member, and Ernest Bolick, a citizen of Burke County, is the recording secretary of the local council.

That prior to 29 September, 1924, Charles E. Tate, the decedent, was duly elected, initiated, and admitted to membership in said Burkemont Council, No. 44, and thereupon said society, acting through its funeral benefit department, contracted and agreed with the decedent that in the event he was a member of said society, in good standing, at the time of his death the said society, acting through its funeral benefit department, would pay funeral benefits amounting to $500.00 to the legal dependent of said decedent. Decedent continued to pay his dues as a member of said order until his death in 1931.

That on 29 September, 1924, decedent was living with and supporting his wife (defendant Mrs. Charles E. Tate) and his daughter, Rosebud Tate, at his home in Morganton, North Carolina. That on said date said Rosebud Tate was over eighteen years of age. That in 1925 defendant Rosebud Tate removed to Knoxville, Tennessee, and thereafter lived separate and apart from the decedent until his death.

That on 29 September, 1924, decedent dictated and signed a paper-writing in the following words: "I, .C. E. Tate, hereby request the Junior Order to pay my funeral benefit insurance to my youngest daughter, Miss Rosebud Tate, as I consider her my legal dependent, as my wife has other insurance. (Signed) C. E. Tate. Witness: T. L. Sigmon." This paper-writing was placed by the then recording secretary, R. E. Cox, in the roll book of said local council where the name of decedent as a member was written and where it remained until produced in court by the present recording secretary.

"That there was no written or established rule of the council at the time as to how, by what method, or to whom paper-writing affecting its contract of insurance should be presented or filed, other than such as are incident to the duties of a recording secretary, and the customary procedure of the then recording secretary of placing such papers in the roll book where the names of members were recorded. That the by-law of the society providing the method of designating a beneficiary, now in force, was not adopted until after the death of decedent."

It was admitted in the answer of defendant Rosebud Tate that at the time of filing the paper-writing referred to with the recording secretary there was no rule or regulation of the society affecting the contract of the society, except Art. VII, sec. 1, of the by-laws, which reads as fol-

lows: "Upon the death of a member of this council in good standing in the funeral benefit association his legal dependent shall receive $500.00."

Upon the facts found the court below concluded that the decedent had the right to designate his legal dependent and to name the beneficiary of his funeral benefits, and did so designate defendant Rosebud Tate by the paper-writing referred to; that the acceptance and filing of said paper-writing by the recording secretary, with the implied·assent of the local council, was binding on the Junior Order United American Mechanics and the funeral benefit department, the facts found constituting a ratification by the plaintiffs of the act of the recording secretary in accepting said paper-writing, and that the plaintiffs by bringing this suit waived all objections as to the method in which the paper-writing was filed. Thereupon judgment was rendered that defendant Rosebud Tate was entitled to the fund, and defendant Mrs. Charles E. Tate appealed.

*Robert W. Proctor for Mrs. Charles E. Tate, appellant.*
*I. T. Avery for Rosebud Tate, appellee.*

DEVIN, J. While there was no written certificate of insurance issued, it was admitted and found by the court below that the Junior Order United American Mechanics, a fraternal benefit society, acting through its funeral benefit department, contracted with Charles E. Tate, the decedent, then a member of the order, that in the event he was a member of said society, in good standing at the time of his death, the named society, the plaintiff, acting through its funeral benefit department, would pay funeral benefits amounting to $500.00 to the legal dependent of said decedent. It was further admitted that Charles E. Tate died in 1931, and that up to the time of his death he was a member, in good standing, of the order. The by-laws of the society provided that, "Upon the death of a member of this council, in good standing in the funeral benefit association, his legal dependent shall receive $500.00." The money has been paid into court.

Upon the death of the decedent, who was the legal dependent under the terms of the contract and upon the facts found by the trial judge?

Legal dependent means something more than one who is deriving support from another. It imports one who has the right to invoke the aid of the law to require support. And the status of a wife living with her husband as being his legal dependent, entitled in law to his support, is recognized by our statutes, C. S., 6508, 4447.

In the case of *Vaughan v. United American Mechanics,* 136 Mo. App., 362, a suit by the mother of the decedent to recover under a contract by this same plaintiff to pay the insurance to his legal dependent, the Court

used this language: "The term 'legal dependent' is used in a more limited sense than that of 'lawful dependent,' which would include all persons except those who might occupy an unlawful relation to the insured. There was no legal duty imposed by law on the insured to support his mother, yet at the same time it would have been lawful for him to have done so. A man's legal dependents are his wife and minor children, and the law imposes upon him the duty to support them. The term 'legal' means that which is according to law. It does not mean permitted by law, but means created by law."

In *Applebaum v. Commercial Travelers,* 171 N. C., 435, it was held that when the constitution of the fraternal benefit association limited the beneficiary to a person dependent on the member, this meant legally dependent, and that a wife by a bigamous marriage, though named in the certificate of insurance as beneficiary, was not entitled to the insurance.

It is admitted that defendant Mrs. Charles E. Tate had continuously lived with decedent during the entire period and up to the time of his death, and that defendant Rosebud Tate, since 1925, had continuously lived separate and apart from him and in another state.

However, defendant Rosebud Tate contends that by the paper-writing signed by decedent 29 September, 1924, in which he requested the order to pay his insurance to his daughter as his legal dependent, he designated her as his legal dependent, and that this written designation to that effect, filed by the recording secretary of the local council in the roll book, was impliedly assented to by the local council, and that this had the effect of binding the funeral benefit department of the order, and that by bringing this action plaintiffs have ratified and acquiesced in this designation.

But the facts found do not justify this conclusion. It does not appear that there was any provision in the rules and by-laws of the order that would give effect to this written request of a member made subsequent to the contract, and filed with the recording secretary of the local council, that the insurance be paid to a person whom he mistakenly designated as his legal dependent. The contract at the time it was entered into made the benefits upon his death receivable only by his legal dependent.

Ordinarily a member of a fraternal benefit society may change the beneficiary in his policy or contract of insurance, unless restricted by some provision of law or by some rule of the order (*Pollock v. Household of Ruth,* 150 N. C., 211), but in this case there was an attempt on the part of the member erroneously to define his legal dependent, and to designate one who does not come within the meaning of the term.

"When a person's eligibility as a beneficiary depends upon his sustaining a particular relation to the member, his eligibility is generally determinable as of the member's death." 45 C. J., 167.

The institution of action by the plaintiffs, where two rival claimants threaten suit, cannot be held to constitute ratification or waiver. *Keener v. Grand Lodge,* A. O. U. W., 38 Mo. App., 543. The defendant Rosebud Tate had ceased to be in any sense dependent upon the decedent for six years prior to and at the time of his death. His wife alone could be held to be his legal dependent, and under the terms of the contract is the one entitled to the funeral benefits upon his death, and to the fund now in the hands of the court.

We conclude that there was error in the court below in holding, under the facts presented, that defendant Rosebud Tate was entitled to the fund, and the judgment to that effect must be

Reversed.

WINBORNE, J., took no part in the consideration or decision of this case.