514

**IRICK v. IRICK et al.**

No. 5365.

Circuit Court of Appeals, Fourth Circuit.

July 7, 1945.

L. A. Hutson, of Orangeburg, S. C., for appellant.

M. E. Zeigler, of Orangeburg, S. C., for appellees.

Before PARKER, DOBIE, and NORTHCOTT, Circuit Judges.

DOBIE, Circuit Judge.

Woodmen of the World Life Insurance Society (hereinafter called Woodmen), a fraternal benefit association incorporated under the laws of Nebraska, issued a certificate of insurance on the life of James D. Irick (hereinafter called insured). Upon the death of insured, when conflicting claims to the proceeds of the certificate arose, Woodmen filed, in the United States District Court for the Eastern District of South Carolina, a civil action of interpleader, 28 U.S.C.A. § 41, subdivision 26. The District Judge, sitting without a jury, decided against the claim of Mattie Page Irick (hereinafter called claimant), who was named as a beneficiary in the certificate and whose relationship to insured was designated as wife. 58 F.Supp. 202, 204. She has duly appealed.

Two questions are presented to us: (1) Did claimant enter into the marriage with insured in good faith? (2) Was claimant a "dependent," within the meaning of the certificate and the applicable law, so as to permit her to recover on the certificate? Both these questions were answered by the District Judge in the negative and a recovery was denied to claimant. In these answers, we think the District Judge committed no error.

We append two sections from the Code of South Carolina:

"Section 8038. *Persons to whom pay death benefits.*—The payment of death benefits shall be confined to wife, husband, relative by blood to the fourth degree, ascending or descending, stepfather, stepmother, stepchildren, children by legal adoption, or to a person or persons dependent upon the member: provided, that if, after the issuance of the original certificate the member shall become dependent upon the charity of an individual or of an institution, he shall have the privilege, with the consent of the association, to make such individual or institution his beneficiary. Within the above restrictions each member shall have the right to designate his beneficiary, and from time to time have the same changed in accordance with the laws, rules or regulations of the association, and no beneficiary shall have or ob-

tain any vested interest in the said benefit until the same has become due and payable upon the death of said member: provided, that any association may, by its laws, limit the scope of beneficiaries within the above classes."

"Section 8568. *Bigamous marriages void.*—All marriages contracted while either of the parties has a former wife or husband living shall be void: provided, that this section shall not extend to a person whose husband or wife shall be absent for the space of seven years, the one not knowing the other to be living during that time; nor to any person who shall be divorced, or whose first marriage shall be declared void by the sentence of a competent court."

The Nebraska statute R.S.Neb.1943, § 44-1041, provides that payment of death benefits shall only be made to the families, heirs, blood relations, affianced husband or affianced wife, of or to persons dependent upon the member.

Section 3 of the Constitution, Laws and By-Laws of Woodmen provides for the payment of benefits:

"* * * to such designated beneficiaries as are not prohibited by law of the state in which the original certificate is delivered."

The testimony in this case was not reported. The District Judge thus commented on the evidence as to the good faith of claimant in going through the marriage ceremony with insured:

"By reference to the testimony it appears that Mattie Page married Joseph Hightower in 1916 and they had three children. They lived together until 1933 when they separated and she left his home and went to live with her mother, their children remaining with the father. After a lapse of about eight years she married James D. Irick on December 20, 1941. She testified that before marrying Irick she consulted an attorney and the Probate Judge in Orangeburg and that she had not heard from Hightower and believed that he had gone away and, therefore, that she was free to marry again.

"Her testimony was that she acted in good faith when she married Irick and that he and his children by a former marriage and the community in general accepted her as a lawful wife. There was no suggestion that a divorce had ever been obtained or the first marriage declared void.

"But a further examination of the testimony fails to show any real attempt on the part of Mattie Page Irick to ascertain the whereabouts of her former husband, Hightower. From her own testimony it appears that she lived with Hightower in what is known as the Brier Creek Section of Bamberg County and later moved to or near the Town of Denmark and that when she separated from him she lived in the adjoining County of Orangeburg residing at or near Branchville. At the time of the trial Hightower was in the court room and his former wife identified him. She did not show that she had made any effort to make an inquiry as to what had become of him, but merely said she heard he had gone away. The testimony of a number of witnesses showed that Hightower had continued to live at the old home and managed his mother's farming operations and had never been away for any extended period of time. These witnesses had seen him frequently and one of the witnesses had even seen him a number of times at the residence of Mrs. Page, the mother of Mattie Page Irick, and the home to which the latter went when she separated from Hightower. It appears that Branchville is a little over twenty miles from Denmark and it is inconceivable that a wife who left her husband at the old homestead and moved to a home a little over twenty miles away should in good faith believe that he had disappeared or was dead. There is not a trace of evidence that she made any effort to ascertain his whereabouts and if she had made the slightest effort to start an inquiry at his old home or among his friends or family she would have had no difficulty in locating him because apparently he remained right there all the time. In my opinion the testimony points conclusively to the fact that the marriage of Mattie Page to James D. Irick was not legal and that she never was his lawful wife and that she knew or must have known of this."

█ This finding by the District Court is binding upon us unless we can hold that it is "clearly erroneous." Federal Rules of Civil Procedure, rule 52(a), 28 U.S.C.A. following section 723c. We certainly do not deem this finding clearly erroneous.

█ This brings us to the second question: Was claimant a "dependent" under the terms of the certificate and the applicable law? We think the District Court was clearly right in holding that she was not. It is not contradicted that from the time of

the marriage ceremony between claimant. and insured until insured's death, she was actually dependent upon him for support. But the word "dependent" in this connection means more than this. National Council Junior Order United American Mechanics v. Tate, 212 N.C. 305, 193 S.E. 397, 113 A.L.R. 1514.

We are quite willing to give a liberal meaning to the word "dependent" here. We think it does, and should, go beyond technical legal dependency, beyond persons to whom the insured owes a duty of support that will be enforceable at law. Thus, had insured taken into his home and supported for a number of years, without any formal adoption, a crippled boy, we would have no hesitancy in holding that this boy is a "dependent" who might be legally designated as a beneficiary in the certificate. But we know of no case which goes so far as to hold that a woman who, with another living husband, goes through the wedding ceremony in bad faith, and lives with the insured as his wife, falls within the favored class and category. The cases uniformly hold that such a "wife" is not a "dependent." To the cases cited in the opinion below may be added: Brotherhood of Railroad Trainmen v. Merideth, 146 Ark. 140, 225 S.W. 337; West v. Grand Lodge A. O. U. W., 14 Tex. Civ.App. 471, 37 S.W. 966.

The judgment of the District Court is affirmed.

Affirmed.