**EQUITABLE LIFE INSURANCE COMPANY, Plaintiff-Appellee, v. FOURMAN, Defendant-Appellant, and HAMILTON, Defendant-Appellee.**

Ohio Appeals, Second District Darke County.

No. 711. Decided April 2, 1953.

Marchal & Marchal, Greenville, for plaintiff-appellee.
S. E. Mote, Greenville, for defendant-appellant.
Spidel, Staley & Hole, Greenville, for defendant-appellee.

## OPINION

By HORNBECK, J:

This is an appeal on questions of law from a judgment in favor of appellee and directing the Clerk of Courts to pay to her the balance of a fund which had been paid into Court by the plaintiff Life Insurance Company, the proceeds of a policy of insurance, when it instituted its action.

The policy had lapsed for non-payment of premiums by the insured in 1934 and the company then placed it on a reduced paid up non-participating basis in the amount of $2535.00. This was the amount that was paid into Court.

In the policy originally, Alonzo Fourman, appellant, son of the in-insured, was the beneficiary. In 1929, the plaintiff company received a request for change of beneficiary to Evelyn Fourman, now the appellee, which request was signed by the insured upon a regular form provided by the company for that purpose. The policy had a proviso that a change of beneficiary should take effect only upon its endorsement on the policy by the company at its home office. The policy was not forwarded to the company and it was unable to secure it to make endorsement thereon of the change of beneficiary and the change had not been noted at the time of the death of the insured in April, 1948.

The original beneficiary, Alonzo Fourman, interpleading claimed to be entitled to the proceeds of the policy. Evelyn Fourman Hamilton interpleaded and claimed that she was entitled to the proceeds by virtue of the change of beneficiary by the insured in his lifetime in the manner heretofore stated.

It is the contention of appellant that when the company, after the lapse of the payment of premiums, had availed itself of the extended paid up non-participating provisions of the policy it thereby entered into a new contract and that as there was no endorsement on the policy pursuant to request by the insured for change of beneficiary, the attempted change was invalid.

The trial judge took testimony and among other evidence admitted a letter, appellee's Exhibit No. 7, from Ira O. Young, agent for the company, in which was stated that appellant, Alonzo Fourman, did not assign his interest in the policy and that he had the policy but would not turn it over to the agent.

Two errors are assigned. One, the admission of the foregoing letter. Two, that the judgment of the trial court was contrary to law. We do not find either assignment well made. The cases cited by the trial judge in his opinion support the admissibility of the testimony as a part of the res gestae.

The second assignment of error is not well made because of the application of **Atkinson v. Metropolitan Life Insurance Company, 114 Oh St 109,** which holds that provisions in the policy such as are invoked here are for the benefit of the company and may be, and are, waived, if the insurance company interpleads as was the effect of its action here.

There is no doubt about the intention of the insured at the time of the change of beneficiary in 1929 to designate appellee as his beneficiary, and there seems no valid reason why it should not be effectuated inas-

534

much as the company has not elected to avail itself of the provision that the change of beneficiary shall be noted on the policy itself.

It should also be observed that the change of beneficiary in behalf of appellee was made in 1929, whereas the lapse and change in the policy to a paid-up non-participating contract did not occur until 1934. So that, to all intents and purposes, the change in beneficiary had been accomplished some five years prior to the lapsing of the policy.

We are in accord with the written opinion of Judge Riegel with which we have been favored.

The judgment will be affirmed.

WISEMAN, PJ, MILLER, J, concur.