THE WIDOWS FUND OF SUDAN TEMPLE v. CHARLOTTE NIXON UMPHLETT AND DANIEL CHARLES UMPHLETT.

(Filed 18 September, 1957.)

**1. Appeal and Error § 49—**

Asserted error relating to a finding of fact which is immaterial to the decision of the case cannot be prejudicial.

**2. Same—**

Where documentary evidence before the court is not included in the record, it cannot be determined that a finding of the court, based on such documents, was not supported thereby, and therefore appellant has failed to carry the burden of establishing error.

**3. Insurance § 36b(1)—**

Where insured has the right to change the beneficiary, the beneficiary has no vested right in the contract during the life of insured, but has a mere expectancy.

**4. Insurance § 13c—**

Insurer has the right to waive provisions inserted in the insurance contract for its benefit.

**5. Insurance § 36b(2)—Original beneficiary having no vested right may not attack validity of change of beneficiary as between insurer and substituted beneficiary.**

A fraternal order, under statutory provisions, G.S. 58-281, and its bylaws, permitted insured members, upon written notice, to change the beneficiary in a certificate within the relationships specified, and with the consent of its board of directors, to change the beneficiary to persons not coming within the specified relationships. The insured member requested change of beneficiary from his wife to his father, his father not being within the relationships specified in the certificate. Upon death of the insured member, insurer interplead and admitted that its secretary issued a second certificate substituting the father as beneficiary without calling a meeting of the board of directors and without notification to the directors, but that the secretary acted in good faith upon belief that he was authorized to do so. *Held:* If the father had instituted action on the certificate, the allegations of insurer would have been insufficient to defeat recovery, there being no allegation of fact sufficient to establish the invalidity of the certificate naming the father beneficiary, and therefore on the facts alleged and admitted, the father is entitled to the proceeds of the funds as against the widow.

Appeal by the defendant Charlotte Nixon Umphlett from *Parker, J.,* January 1957 Term of Perquimans.

On 28 July 1956 plaintiff instituted suit in the Superior Court of Perquimans County against Charlotte Nixon Umphlett (hereafter designated as appellant) and Daniel Charles Umphlett (hereafter designated as appellee). It filed its complaint when summons issued. The complaint in brief alleges: Plaintiff is a fraternal benefit society incorporated under the laws of North Carolina. On 27 January 1949 Marvin Hoyle Umphlett (hereafter referred to as insured), a member of Sudan Temple, applied for membership in its Widows Fund designating his wife, appellant, as beneficiary. Pursuant to the application, plaintiff's secretary issued a membership certificate which by its express terms was subject to the laws and bylaws of the Fund. Article III of plaintiff's bylaws provides that the Fund shall be under the general control of a board of directors composed of nine of its members. Article V of the bylaws relating to certificates and beneficiaries provides:

"Sec. 1. A certificate of membership shall be issued to each member of the Widows Fund signed by the Secretary and setting forth the

name of the member and the name and relationship of the beneficiary.

"Sec. 2. The beneficiary shall be the wife, mother, sister or issue of the member or the OXFORD ORPHAN ASYLUM or THE MASONIC AND EASTERN STAR HOME, *Provided,* that in exceptional cases and with the consent of the Board of Directors other persons may be named.

"Sec. 3. The beneficiary may be changed at the pleasure of the members, in accordance with Section 2, Article 5, and consent of the Board of Directors, upon surrender of the certificate of membership and written notice to the secretary."

The amount payable to a beneficiary upon the death of the insured was $1,000. On 16 November 1955 insured, then in good standing and the holder of the certificate issued in 1949, requested the secretary of the Fund to issue a duplicate, as the original had been lost, and to change the beneficiary to his father, appellee. The secretary of the Widows Fund, without calling a meeting of the board of directors and without notification to the board, but acting in good faith and as he thought he was authorized to do, issued a certificate to insured similar in all respects to the original except it designated appellee as beneficiary. Insured died 29 December 1955. Each of the defendants asserted a claim against the plaintiff for the amount of money due less any unpaid assessments. Insured was, at the time of his death, indebted to the Fund in the sum of $2.20 on account of unpaid assessments. Plaintiff, desiring to have the ownership of the money determined, paid into court the sum of $997.80 for such person or party as the court should adjudge entitled thereto. It prayed that the court determine the ownership of the deposit, and that it be relieved of all liability to the parties.

On 15 August 1956 the defendant appellee filed his answer, admitting all of the allegations of the complaint except the allegation that the secretary of the Fund acted without specific direction from the board of directors, and averred that the insured had during his lifetime done everything in his power to effectuate the change, that insured and the answering defendant had a right to rely on the certificate issued by the secretary naming the father as the beneficiary as having been issued in conformity with the regulations and bylaws of plaintiff. He asserted his ownership of the deposit.

On 19 September 1956 appellant filed her answer to the complaint. It specifically admits, or by failure to deny admits, the allegations of the complaint. It avers that the request for change of beneficiary was not made in writing as required by the bylaws, that at the time of making the request insured was suffering with cancer, was in constant pain, easily influenced in making decisions, and the secretary of the Fund knew or should have known his condition and should have exercised extreme care and caution which he failed to do. The answer

asserts that appellant is entitled to the deposit, and asks that it be so adjudged.

At the January Term 1957 there was a pretrial conference at which time it was adjudged "that the plaintiff be, and it is discharged from all further liability to the defendants, or either of them, and any right which either had against the plaintiff is transferred to the money in the hands of the Clerk of the Superior Court of Perquimans County, paid to him by the plaintiff for the use of such party as the court may decree is entitled thereto." No exception was taken to this judgment.

Thereafter, during the term, the defendants waived a jury trial and submitted the controversy to the court, to find the facts, make conclusions of law, and enter judgment thereon.

The case on appeal was not settled by the court. It states: "No witnesses testified on the trial, but from the pleadings and other documents and statement of attorneys for the parties, informally before the Court, there was evidence tending to show . . ." The documents and statements made by counsel are not included as a part of the case on appeal. The summary of what the evidence tended to show is substantially in accord with the allegations of the complaint.

The court made findings of fact which, with two exceptions, are supported by the admissions in the appellant's answer. The court, in its findings, referred to appellant as "the estranged wife" of insured. This is alleged by appellee. The court found as a fact that the request made by insured on 16 November 1955 was in writing. Apppellant's answer does not so admit.

Based on its findings, the court concluded insured had expressed a clear, unequivocal intent to change the beneficiary in the certificate and had performed every act in his power to perform, that for a period of six weeks from receipt of the new certificate naming appellee as beneficiary until insured's death, he was without knowledge "of any defect in such transaction," and the change of beneficiary was valid.

Based on its findings and conclusions the court adjudged that appellee was the owner of the deposit held by the clerk and directed payment to appellee.

Appellant excepted to the findings of fact, to the conclusions of law, and to the judgment and appealed.

*Walter G. Edwards for defendant appellant.*
*C. R. Holmes for defendant appellee.*

Rodman, J.   When the findings of fact are compared with the solemn admissions in the answer of appellant, it develops that the only facts found by the court and not admitted by appellant in her answer are

the findings that she and her husband were estranged in November 1955 and the request for change of beneficiary was in writing.

We deem the finding that insured and his wife were estranged immaterial to the decision of the case; hence, any exception to the finding in that respect, even if erroneous, is harmless.

The statement in the case on appeal that the pleadings "and other documents" were submitted to the court suffices to support the finding that the request for change of beneficiary was in writing since the documents are not included in the record, and we are therefore unable to determine what the "other documents" do show. The statement in the case on appeal that the evidence submitted tended to establish certain facts is not a statement that the evidence did not suffice to establish additional facts found by the court. The burden of establishing error is on appellant. *Hodges v. Malone & Co.,* 235 N.C. 512, 70 S.E. 2d 478; *Shelly v. Grainger,* 204 N.C. 488, 168 S.E. 736. If it should be conceded that the finding was not supported by the evidence, we would not regard it as material to the decision of this case.

Plaintiff was meticulous in its compliance with the rule of impartiality required of an interpleader. *Knights of Honor v. Selby,* 153 N.C. 203, 69 S.E. 51.

The right of the insured to change the beneficiary, in conformity with the requirements of plaintiff's bylaws, is not challenged. Not only was the right granted by the bylaws, it was declared and guaranteed by statute. G.S. 58-281. Hence anyone named as beneficiary had, during the life of the insured, no vested right in the certificate. It was a mere expectancy. *Parker v. Potter,* 200 N.C. 348, 157 S.E. 68; *Wooten v. Order of Odd Fellows,* 176 N.C. 52, 96 S.E. 654; *Walser v. Insurance Co.,* 175 N.C. 350, 95 S.E. 542; *Pollock v. Household,* 150 N.C. 211, 63 S.E. 940; 29 Am. Jur. 952.

The statute defines the class who may be beneficiaries in a certificate issued by a fraternal benefit society. G.S. 58-281. An attempt to name a beneficiary outside of the class limited by the statute confers no right on the person so designated. *Junior Order American Mechanics v. Tate,* 212 N.C. 305, 193 S.E. 397; *Trust Co. v. Widows Fund,* 207 N.C. 534, 177 S.E. 799; *Andrews v. Masons,* 189 N.C. 697, 128 S.E. 4; *Applebaum v. Commercial Travelers,* 171 N.C. 435, 88 S.E. 722.

Appellee is within the class permitted by statute. He is not within the class which the insured had, under the bylaws, an unconditional right to name as his beneficiary. The statute expressly grants to the insurer the right to circumscribe the statutory permissive class. Having the right to circumscribe, the insurer of course had the right to make its limitation absolute or it could, as in this case, fix a permissive class of beneficiaries. Manifestly the person originally named as beneficiary had no right to prohibit the insurer from selecting one in the

permissive class. The provision with respect to obtaining consent of the board of directors to designate someone other than wife, mother, sister, or issue was inserted in the bylaws not for the benefit of the original beneficiary but for the insurer. The provision requiring a request for change of beneficiary to be in writing was likewise for the protection of the insurer. It had a right to waive provisions inserted for its benefit and prescribe the conditions under which the consent of the board of directors would be given. *Wooten v. Order of Odd Fellows, supra; Swygert v. Durham Life Insurance Company,* 92 S.E. 2d 479; *Arrington v. Grand Lodge,* 21 F. 2d 914; *Home Mut. Ben. Asso. v. Rowland,* 244 S.W. 719, 28 A.L.R. 86, and cases cited in the annotation, pp. 95-6; *Cantala v. Travelers Ins. Co.,* 107 N.Y.S. 2d 24; 29 Am. Jur. 991.

It has been broadly stated in many cases that an insurer waives compliance with policy provisions inserted for its benefit by interpleading the original and substituted beneficiary and payment of the sum owing into court. *Equitable Life Insurance Company v. Fourman,* 135 N.E. 2d 878; *Metropolitan Life Ins. Co. v. Sandstrand,* 82 A. 2d 863; *Mutual Life Ins. Co. of New York v. Patterson,* 15 F. Supp. 759; 19 A.L.R. 2d 108, and cases cited in note 42. As pointed out in *McDonald v. McDonald,* 102 So. 38, 36 A.L.R. 761, this does not impair any vested right which the original beneficiary had. It is but a recognition that insurer had, in the lifetime of the insured, consented to a change in its contract between them.

The court, in *New York Life Insurance Company v. Lawson,* 134 F. Supp. 63, speaking with respect to the effect to be given to an interplea, said: "The clear wishes of a dead woman should be respected, especially where a corporate insurer has by the nature of the institution of its own litigation insulated itself from a duality of liability."

The undisputed facts in this case permit us to decide it without determining the effect of an interplea by an insurer when, as here, it has acted on the request of the insured and issued to him a certificate or policy naming a new beneficiary.

We are not dealing with a case where the beneficiary is beyond the statutory permitted class, *Trust Co. v. Widows Fund, supra,* nor a case where the bylaws positively restrict the class. *Junior Order American Mechanics v. Tate, supra.*

Here the insured had the right to change the beneficiary by the express provisions of the bylaws. The certificates are issued by the secretary. A certificate was issued to insured, naming appellee as beneficiary, by the secretary, who was acting in good faith. The insurer so asserts. Insured held the certificate some six weeks before his death. He was never notified that the secretary acted without authority. Although it had the opportunity both before and since

the death of the insured, insurer has not denied that the secretary was in fact lacking in authority. It does not seek to void the contract. It does not allege that it is invalid. It has never asserted that the contract is invalid. It merely alleges: ". . . the Secretary of the Widows Fund, without a meeting of the Board of Directors and without notification of the Board of Directors, but acting in good faith . . ." issued the certificate. It might well be that in factual situations similar to the case presented the board of directors had expressly authorized the secretary to act for them and to permit the naming of the father as beneficiary. It is not suggested that the board of directors were not, during the lifetime of insured, informed of the act of the secretary.

If appellee had brought suit on the certificate issued to him and insurer had admitted the issuance of the certificate, insurer would have to plead facts sufficient to establish its invalidity. The allegations of the complaint would not have sufficed to defeat such an action by appellee. His rights cannot be diminished by changing the position of insurer from defendant to plaintiff. *Wright v. Ins. Co.*, 244 N.C. 361, 93 S.E. 2d 438; *Tolbert v. Ins. Co.*, 236 N.C. 416, 72 S.E. 2d 915; *Strigas v. Ins. Co.*, 236 N.C. 734, 73 S.E. 2d 788; *Griffin v. Ins. Co.*, 225 N.C. 684, 36 S.E. 2d 225; *Green v. Casualty Co.*, 203 N.C. 767, 167 S.E. 38; 46 C.J.S. 1020-1.

Affirmed.