PeabsoN, J.
 

 The bequest of the slave Andrew to the defendant, is subject to an express condition: “ But should my son make my estate pay for the price of Jack, then I direct
 
 *263
 
 that Andrew shall not pass to J ames,” (his son.) In other words: the bequest of this slave to the defendant, is to be void if he exacts from the
 
 estate
 
 the price of Jack. It is true ho did not, in the words of the condition, exact the price of Jack from the
 
 estate of the
 
 testator, but he exacted it from the
 
 testator
 
 in his life-time, and, without reference to the learning in regard to
 
 ademption
 
 and
 
 satiffaction,
 
 or revocation, we are strongly inclined to the oinnion that this was as much a breach of the condition as if he had waited until after the death of the testator, and consequently that the bequest was defeated by force of an express condition. But however this may be, the plaintiff, by her assent to the legacy, vested the legal title in the defendant; and the question is, does the bill disclose.any ground upon which she can ask this Court to undo what she has done, so as to relieve her from the legal effect of her assent?
 

 The bill does not allege that she was ignorant of the- provisions of tire will; indeed, being executrix, that allegation was hardly open; there is no allegation that she did not know the fact that the testator had paid his son the sum of $600 for the price of Jack; nor is there an allegation that the defendant practiced any fraud, made any misrepresentations, or by artifice took her by surprise, so as to induce her to assent to the legacy; on the contrary, the plaintiff’s equity is put on the isolated ground, that when she assented to the legacy, “ she was wholly ignorant of any interest she had, or might have? in law or equity, in the boy Andrew.”
 

 It is settled, that mere ignorance 'of law, unless there be some fraud or circumvention, is not a ground for relief in equity, whereby to
 
 set aside
 
 conveyances, or avoid tire legal effect of acts which have been done. The equity to
 
 sv/pply defeats i/n conveyances,
 
 the result of ignorance or mistake, so as to
 
 give effect
 
 to the intention of the parties, stands on a different footing; for instance ;■ to remedy a defective execution of a power of appointment, or supply the word “ heirs,” when the intention was to pass a fee simple, or to give effect to the conveyance of a copy-hold estate when there had been no sur
 
 *264
 
 render, and tbe like — all stand on tbe distinction that relief is asked, to ■ carry into effect that which tbe parties intended to do, and not undo that which has been done.
 
 McKay
 
 v.
 
 Simp
 
 son, 6 Ire. Eq. 452;
 
 Curtis
 
 v.
 
 Perry,
 
 6 Ves.
 
 745; Hart
 
 v.
 
 Roper,
 
 6 Ire. Eq. 349; 1 Story’s Eq. 123; Adams’ Eq. 191.
 

 The defendant alleges a counter equity, on the ground that his father did not pay' him the interest which had accrued on the price of Jack. There is no proof in regard to it, and it is not involved in the consideration upon which we think the plaintiff has failed to establish an equity.
 

 Pee Cubiam. Bill dismissed with costs.