MARY WALSER v. GATE CITY LIFE AND HEALTH INSURANCE CO.

(Filed 10 April, 1918.)

1. **Insurance—Beneficiary—Policies—Contract—Vested Interest.**

The beneficiary designated in an ordinary life policy or a life, accident, and health policy of insurance has a vested interest therein which, in the absence of stipulation or condition affecting it, cannot be altered or destroyed without his consent.

2. **Same—Stipulations—Election—Payment to Others—Good Faith.**

A stipulation incorporated into a life, accident, and health insurance policy, appearing on the back thereof and referred to on its face as affecting the rights of the named beneficiary, permitting the insurer to pay the loss, among others, to the brothers and sisters of the deceased, etc., is for the lawful and desirable purpose of saving cost of administration and expense of contests among conflicting claimants; and where the insurer, in good faith, has made payment to the brothers and sisters of the deceased, who had incurred expenses in consequence of his last illness and his burial, its election will not be disturbed in favor of the wife, the named beneficiary, who had neglected him.

APPEAL by defendant from *Adams, J.,* at May Term, 1918, of FOR-SYTH.

This was a civil action tried originally in the County Court of Forsyth County before his Honor, H. R. Starbuck, Judge, at May Term, 1917.

The action was to recover on two policies of insurance on the life of George Walser, deceased, issued by defendant company in 1913, one of straight-life insurance for $70, No. 118306, and another a life, accident, health policy for $62.60, No. 22858, in both of which the plaintiff's then wife and now the widow of the insured was originally named as beneficiary.

There was evidence on the part of plaintiff that she paid the weekly premiums on said policies until his death, the 23d of December, 1916, and shortly thereafter she demanded payment from the company and the same was refused; that when the policies were being bargained for between plaintiff and defendant's agent, the latter assured plaintiff that

WALSER *v.* INSURANCE CO.

she would get the money if she survived her husband and, when policies were issued, plaintiff was designated as beneficiary and had never, in any way, surrendered her rights under the policy nor consented to any change therein.

There was evidence on the part of defendants that the insured paid all the premiums on these policies while he was able to work, and thereafter and for 20 weeks before his death, said premiums were paid out of the sick benefits due under one of the policies; that the plaintiff, his wife, badly neglected him, particularly in the latter part of his sickness, and so much so that his brothers had to care for him to a great extent, employed their sister for a nurse and paid her and provided for him and became responsible for his physician's fees and his funeral expenses, which last were paid out of the policies and amounted to $82.40; that, under these conditions, the defendant companies paid to said brothers the full amount of both policies, one of them having been designated as beneficiary on both in lieu of plaintiff some time prior to the death; that this was done on the formal application of the insured, he saying that his wife was cruel and neglectful of him and that his brother had to keep him up and he wished them to have the money.

It appeared that the straight-life policy contained a provision giving the insured the privilege of changing the beneficiary at his election and, thereupon his Honor, being of opinion that, under the stipulations, the change of beneficiary to the brother in the life policy was valid, held that defendant was protected as to that payment, but that as to the accident and health policy, as that in his opinion contained no such provision, the plaintiff was entitled to recover, notwithstanding the payment of same to the brothers designated as beneficiaries at the insistence of the insured and so appearing at the time of his death. Pursuant to an instruction to this effect, there was verdict in favor of plaintiff for the amount of the accident and health policy No. 22858.

Judgment on the verdict and defendant excepted and appealed to Superior Court. This judgment having been affirmed in Superior Court, *Adams, J.,* presiding, defendant again excepted and appealed to the Supreme Court.

*No counsel for plaintiff.*
*L. M. Swink for defendant:*

HOKE, J., after stating the case: It is the recognized general rule that, in the absence of stipulation or condition affecting it, the beneficiary designated as such in an ordinary life policy or a life, accident and health policy has a vested interest therein which cannot be destroyed or altered without his consent, and certainly in so far as any action of

the insured is concerned. *Hooker v. Sugg,* 102 N. C., 115; Vance on Insurance, 390. Though in reference to mutual benefit societies or fraternal orders having an insurance feature, the general rule is the other way. *Pollock v. Household of Ruth,* 150 N. C., 211; Vance on Insurance, 400.

On the present record, it appears that plaintiff was designated as beneficiary in the original policies and that she has never given her consent to any change therein, and the questions presented here are what were her interests as such designated beneficiary and whether there were any stipulations or conditions in the present policy which affected and controlled her interest and justified the payment made by the company to the brothers of the insured in settlement of the claim. So far as the straight-life policy is concerned, his Honor has ruled that the change of beneficiaries was justified by reason of a direct stipulation in the policy itself, and plaintiff not having appealed, no question is presented in reference to it.

As to life, accident, and health policy, on which recovery has been allowed, it contains a stipulation for the payment of the specified sum to the beneficiary designated therein within 24 hours after satisfactory proof of death is received at the home office, "Unless settlement be made under the provisions of Article III on the reverse side hereof." And further, "That this policy is issued and accepted, subject to the conditions and agreements below and on the reverse side hereof."

This Article III, on the reverse side, is in terms as follows:

"III. Facility of Payment.—The company may make any payment provided for in this policy to husband or wife or any relative by blood, or lawful beneficiary of the insured, or to any other person who may be equitably entitled to the same, by reason of having incurred on behalf of the insured for his or her burial, or for any other purposes; and the production by this company of a receipt signed by any or either of said persons, or of other sufficient proof of such payment to any or either of them shall be conclusive evidence that such benefits have been paid to the person or persons entitled thereto, and that all claims under this policy have been fully satisfied."

Such a provision appearing in policies of this character is inserted for the reason, chiefly, that the insurance being usually for small amounts, among necessitous persons and under conditions calling for speedy payment, it is considered well that the expense of taking out letters of administration and the delay and costs incident to a contest among opposing claimants should be avoided as far as possible. Designed and calculated to promote this desirable aim and purpose, it has been upheld as valid in many authoritative decisions and construed to confer upon the company acting in good faith the right of election as to payment among the classes specified and constitutes such payment

and receipt therefor "conclusive evidence that such benefits have been received by the persons entitled thereto, and that all claims on the policy have been satisfied. *John Breman, Admr., v. Prudential Ins. Co.,* 170 Pa. St., 488; *Bradley, Admr., v. Prudential Ins. Co.,* 187 Mass., 226; *Thomas, Admr., v. Ins. Co.,* 148 Pa. St., 594; *Thomas v. Ins. Co.,* 158 Ind., 461.

So far has the public policy involved in this stipulation and its clear meaning and purpose been allowed to prevail that, in the Indiana case just cited, where it appeared that the insured having become unable to pay the premiums, an arrangement was entered into by which the wife agreed to pay them and take an assignment of the policy, the Court held that this had only the effect of substituting the wife as beneficiary and a payment to the mother of the insured, selected as payee under the clause in question, was upheld in exoneration of any further liability by the company. In *Shea v. Ass. Industrial Ins. Co.,* 48 N. Y. Supp., 548, a payment by the company to a claimant other than the designated beneficiary was disallowed, but, in that case, it appeared that the beneficiary who made the contract and paid the premiums was an ignorant person who could neither read nor write and there was held to be some evidence tending to show fraudulent representations by the company's agents as to the contents of the policy at the inception of the contract and convincing evidence of fraud on the company's part in the selection of the payee. Such a case is not apposite to the facts of this record, where it appears that the company has paid the full amount of the policies to the brothers of the insured and produced their receipts for the same. And it further appeared that these brothers were called on to maintain the insured in his last illness; provided a nurse for him; became responsible for his physician's fees and the undertaker's bill, this having been already paid out of the insurance money, amounting to $82.40.

There is neither allegation nor evidence in the record that would justify a finding of fraud on the part of the company in the exercise of its power of election conferred by the contract and, on the facts in evidence, as they now appear, his Honor should have charged that, if they believed the evidence, no recovery should be allowed on this policy also.

Error.