On 31 August, 1925, the defendant issued a policy of life insurance upon the life of Henry Jones for $250.00. On 23 April, 1928, an endorsement was stamped on the policy changing the beneficiary to Sallie Mitchell. On 31 August, 1929, the insured, Henry Jones, made application to the defendant to name Hattie Grimes as beneficiary in said policy. In the application for change the insured certified "that the above described policy is destroyed or lost and hereby applies for duplicate." The defendant accepted notice of change but never made an endorsement on the policy for the reason that the policy was never delivered for such purpose. Henry Jones died about September, 1929. The evidence tended to show that the insured owed Sallie Mitchell certain money, and that she had paid the premiums on the policy and had possession of same. The evidence further tended to show that the insured boarded with Hattie Grimes, for several months prior to his death, and that she took care of him during his last illness. At his death he owed her $136.11, and Hampton Bonner and Sons, undertakers, buried the insured, and their bill was $122.50. The defendant paid the proceeds of the policy to Hattie Grimes and Hampton Bonner and Sons in full settlement of all liability under the policy. Such payment was made by virtue of the "Facility of Payment" clause in the policy, the pertinent portion of which is as follows: "The company may make payment to the executor or administrator of said insured, or to any relative by blood or connection by marriage, or to any other person appearing to the company to be equitably entitled to the same by reason of having incurred expense on account of illness or death of the insured, and the receipt of any such person shall be conclusive evidence that payment has been made to the person or persons entitled thereto, and that the claims under this policy have been fully satisfied."
The trial judge instructed the jury to answer the issue in favor of defendant. From judgment upon the verdict the plaintiff appealed. *Page 594 
A clause in an insurance policy of similar wording and import, to that in the case at bar, was held to be valid in Walser v. Ins. Co.,175 N.C. 350, 95 S.E. 542. The decision in that case is determinative. See, also, Wooten v. Order of Odd Fellows, 176 N.C. 52, 96 S.E. 654.
Affirmed.