MISS EUNICE HARRINGTON, TRUSTEE, AND A. B. HARRINGTON, v. A. G. BUCHANAN, SHERIFF OF LEE COUNTY, NORTH CAROLINA; W. H. CAMPBELL, ADMINISTRATOR OF MISS TANNIE S. CAMPBELL; AND W. H. CAMPBELL, ADMINISTRATOR D. B. N., C. T., A. OF W. H. HENLEY, DECEASED.

(Filed 17 March, 1943.)

**1. Injunctions § 5: Judgments § 38—**

In an action to restrain levy and sale under execution and to adjudge the validity of a transfer of the judgment, where plaintiffs show *prima facie* that they are the owners of the judgment, they are entitled, at least, to an injunction against the sale of their property.

**2. Judgments § 36—**

The entry of transfer of a judgment, under C. S., 618, by the attorney of the judgment creditor, upon the margin of the judgment as docketed in the office of the clerk of the Superior Court, is *prima facie* evidence of transfer.

**3. Attorney and Client § 6—**

Ordinarily, an attorney, by virtue of his employment as such, has control and management of the suit in matters of procedure and may make agreements affecting the remedy he is endeavoring to pursue; but this comprehensive authority does not continue after judgment.

**4. Same—**

As the primary objective of a suit on a money demand is the collection of the debt, obtaining judgment is merely a necessary step to that end and it will not be assumed that an attorney, employed to prosecute the action, is not authorized to receive and receipt for the money demanded.

**5. Judgments §§ 36, 38—**

. The statute itself, C. S., 618, makes it the duty of the attorney, when a judgment is paid by one of several judgment debtors, who requests a transfer, to transfer without recourse such judgment to a trustee for the benefit of the judgment debtor paying the same.

APPEAL by plaintiffs from *Grady, Emergency Judge,* at September Term, 1942, of LEE. Reversed.

Civil action to restrain levy and sale under execution and to adjudge validity of transfer of judgment made of record.

On 21 January, 1935, judgment in favor of Tannie S. Campbell, executrix of W. H. Henley, deceased, and against J. L. Covington, Mrs. Madge Covington, J. C. Watson and A. B. Harrington, for $925.00, interest and costs, subject to certain credits, was docketed in the judgment docket of Lee County.

On 4 April, 1936, H. M. Jackson, attorney for Tannie S. Campbell, executrix, made on said judgment docket, at the foot of said judgment, the following entry:

"For value received and without recourse on me this judgment is assigned to Miss Eunice Harrington, trustee.

"This April 4, 1936.

> TANNIE S. CAMPBELL,
> Executrix W. H. Henley Estate,
> By H. M. JACKSON, Attorney for
> Tannie Campbell, Executrix."

This entry was witnessed by the clerk and was made pursuant to agreement with A. B. Harrington, one of the judgment debtors, who at the same time delivered to Jackson a check which was admittedly good. The transfer was for the use and benefit of said judgment debtor.

The check was held until 27 June, 1936, and then returned to Harrington, who in turn delivered it to the clerk of the Superior Court. At about the same time Jackson struck lines across the entry of transfer and made notation on the record as follows:

"Check never accepted by Tannie Campbell therefore judgment never was paid by A. B. Harrington."

Tannie S. Campbell having died, W. H. Campbell, on or about 26 February, 1941, qualified as administrator, *d. b. n., c. t. a.,* of the estate of W. H. Henley, and thereafter procured the issuance of an execution on said judgment. In so doing he was acting for the estate and not for A. B. Harrington, beneficiary of the alleged transfer. The sheriff undertook to levy upon property of Harrington and this action was instituted.

When the cause came on for trial the plaintiff offered "the admissions contained in the answer that the transfer on page 281, Judgment Book 8, was signed by H. M. Jackson." He also offered the entry of assignment to the trustee in its unmutilated form. It was admitted that the check delivered by Harrington to Jackson was good and would have been paid on presentation and that it was not returned because it did not constitute legal tender.

Plaintiffs then rested and the court, on motion of defendants, entered judgment of nonsuit. Plaintiffs excepted and appealed.

*K. R. Hoyle for plaintiffs, appellants.*
*E. L. Gavin and H. W. Gavin for defendants, appellees.*

BARNHILL, J. There are many allegations and counter-allegations in the pleadings, the merits of which are not presented on this record. On the contrary, the question presented has little, if any, relation to the vital issues raised. Be that as it may, we must deal with the record as it is presented to us.

. The evidence offered poses this question : Is the entry of transfer of a judgment, made under C. S., 618, by the attorney of the judgment creditor upon the margin of the judgment as docketed in the office of the clerk of the Superior Court, *prima facie* evidence of transfer? We are constrained to answer in the affirmative.

It is to be noted that plaintiff offered the original entry without the lattice markings indicating cancellation or spoliation thereof. It was admitted without objection. Hence, as presented to us, there are no "lattice lines" drawn across the transfer and no entry indicating cancellation or invalidation. We have the transfer to a trustee for the use and benefit of one of several judgment debtors signed by the attorney for the judgment creditor—and nothing more. We may take judicial notice of this fact only, unrelated to other matters alleged.

The right of an attorney to compromise a judgment, ratification by the executrix, the application of the statute of limitations, and other legal questions debated in the briefs, are not presented.

Ordinarily, an attorney, by virtue of his employment as such, has control and management of the suit in matters of procedure and may make agreements affecting the remedy he is endeavoring to pursue. Usually an implied authority for such agreements during the progress of the suit is presumed from his office and employment. *Chemical Co. v. Bass,* 175 N. C., 426, 95 S. E., 766; *Harrill v. R. R.,* 144 N. C., 542; *Gardiner v. May,* 172 N. C., 192, 89 S. E., 955; *Deitz v. Bolch,* 209 N. C., 202, 183 S. E., 384. See also *In re Gibson, ante,* 350.

This comprehensive authority existing during the pendency of a suit does not continue after the rendition of judgment. Thereafter there are substantial limitations upon his implied right to act for and in behalf of his client. What those limitations are, however, we need not now discuss or define, for here the statute itself confers, *prima facie* at least, the necessary authority. C. S., 618, makes provision for the transfer of judgments and expressly prescribes the duty of the attorney when a judgment is paid by one of several judgment debtors who requests a transfer. Having acted under the statute it is presumed that he acted within the scope of his authority. *Bank v. Penland,* 206 N. C., 323, 173 S. E., 345; 7 C. J. S., 875, sec. 73; 5 Am. Jur., 307. Furthermore, the primary objective of a suit on a money demand is the collection of the debt. The obtaining of judgment is merely a necessary step to that end. It will not be assumed that an attorney who is employed to prosecute an action to judgment is not also authorized to receive and receipt for the money demanded.

This was a public record. The entry of transfer by the attorney is expressly authorized by statute. There is nothing in the transfer to indicate that he received less than full value. Anno., 66 A. L. R., 115.

The entry is presumed to speak the truth and, in the absence of proof to the contrary, is evidence of the actual authority of the attorney.  To hold otherwise would tend to destroy confidence in public records and, in many instances, would create such uncertainty as to render them of little practical value.

The plaintiff did not offer any particular excerpt from the answer. The form in which admissions therein are offered, considered in connection therewith, leaves the meaning of the evidence too ambiguous for serious consideration.

The plaintiffs having shown, *prima facie,* that they are the owners of the judgment, they are entitled, at least, to an injunction against sale of Harrington's property under execution thereon.

The judgment below is
Reversed.