Civil action to restrain levy and sale under execution and to declare the validity of an assignment of judgment made by attorney of record under G.S., 1-240, formerly C. S., 618. See former appeal, 222 N.C. 698,24 S.E.2d 534.
Plaintiffs in their complaint allege in brief these facts:
1. That on 21 January, 1935, there was docketed in Lee County a judgment in favor of Miss Tannie S. Campbell, Executrix of W. W. Henley, deceased, and against J. L. Covington and his wife, Mrs. Madge Covington, J. C. Watson and A. B. Harrington, for the sum of $952 with interest thereon at 6% per annum from 18 April, 1932, and for costs $20.46, subject to these credits: $60.00 on 29 April, 1933, $25.00 on 20 November, 1933, $10.00 on ...... December, 1933, and $60.00 on ..... October, 1934; that though the judgment failed to distinguish the liability of defendants for the indebtedness therein, J. L. Covington and Mrs. Madge Covington were principals, and A. B. Harrington was only a surety; and that on the judgment a further credit of $300.00, derived from sale of property of said principals, should be made.
2. That on 4 April, 1936, A. B. Harrington, defendant in above judgment, and plaintiff in this action, "purchased the said judgment, and the said Miss Tannie S. Campbell, Executrix, acting by and through her duly authorized agent and attorney, H. M. Jackson, who was authorized to collect and compromise same, sold and transferred the same to Miss Eunice Harrington, Trustee, for A. B. Harrington's use and benefit; and on said date the said Executrix, acting by and through said agent, executed the following transfer thereof: `For value received and without recourse on me this judgment is assigned to Miss Eunice Harrington, Trustee. This April 4th, 1936. Tannie S. Campbell, Executrix W. W. *Page 124 
Henley Estate, by H. M. Jackson, Attorney for Tannie Campbell, Executrix," entry of which was made upon the judgment record where the judgment was docketed, and witnessed by "W. G. Watson, C. S.C.," thereby becoming a record of the Superior Court of Lee County.
3. That at the time the judgment was assigned in the manner set forth in last preceding paragraph "the said Jackson caused plaintiff to execute a check in the sum of $501.00 on the National Bank of Sanford, N.C. payable to Tannie S. Campbell, Executrix, which was given and accepted in payment of said sum, in compromise of and for said transfer of said judgment"; "that said check so given was retained from April 4, 1936, to June 27, 1936, when someone caused" it "to be sent through the mails to A. B. Harrington, who immediately turned same over to W. G. Watson, C. S.C., who has had the same continuously in his possession since said date"; that about the same time an entry, in the handwriting of H. M. Jackson, was made in ink upon the judgment record, under the entry of the assignment aforesaid, in these words: "Check never accepted by Tannie Campbell therefore judgment never was paid by A. B. Harrington," and apparently in same kind of ink "lattice lines" were drawn across the original assignment, both of which "were null and void and of no effect in law for all purposes"; that said check was not returned to A. B. Harrington because it was not cash, but in an effort to repudiate the settlement which had theretofore been made; that the check was good for the amount thereof at all times until it was returned, and A. B. Harrington then tendered payment thereof in cash, and has at all times since been ready, able and willing to pay in cash the amount of the check either to the clerk, to the Executrix, to H. M. Jackson, agent and attorney, or to any other person designated by the court; and that in law and in equity plaintiffs are entitled to have the sum of $501.00 accepted, and the said transfer of 4 April, 1936, to Miss Eunice Harrington, Trustee, declared to be valid and binding.
4. That Miss Tannie S. Campbell is dead, and has been for several years, and on or about 26 February, 1941, W. H. Campbell qualified as administrator of Miss Tannie S. Campbell or as administrator d. b. n., c.t. a. of W. W. Henley, deceased, or both, and without authority of Miss Eunice Harrington, Trustee, or of A. B. Harrington, has caused an execution to be issued on said judgment, against A. B. Harrington, calling for payment of $705.15 principal with interest thereon from 26 February, 1935, and costs $23.46.
5. That during the lifetime of Miss Tannie S. Campbell the said W. H. Campbell, who was her brother and son-in-law of W. W. Henley, acted as her agent as Executrix under the will of W. W. Henley, deceased.
Defendants in answer filed 11 June, 1941, admit that judgment was entered, that Miss Tannie S. Campbell is dead, and that W. H. Campbell *Page 125 
qualified as administrator, or as administrator d. b. n., c. t. a., and that he caused execution to issue, all as alleged in the complaint, and while admitting that W. H. Campbell advised with his said sister during her life, they deny that he was agent for her personally, or as executrix, and they further deny all other material allegations, averring "the true facts" to be "as hereinafter set out and not otherwise."
And "for a further answer, further defense, counterclaim and for affirmative relief," defendants in pertinent part aver in substance:
I. That defendant, W. H. Campbell, administrator d. b. n., c. t. a. of W. W. Henley, is the owner of and entitled to receive payment of the judgment of 21 January, 1935, that is, the judgment in question, subject to a credit of $298 as of March Term, 1935, of Superior Court of Lee County.
II. "3. (That on or about April 4, 1936, the said A. B. Harrington did offer to H. M. Jackson, attorney representing Miss Tannie S. Campbell, Executrix, the sum of $501.00 which amount represented the principal of said judgment then and now unpaid and excluded the interest on said judgment from April 18, 1932, subject to the credits hereinbefore set out, which the said H. M. Jackson agreed to take) on the following conditions, that he would submit the same to Miss Tannie S. Campbell, Executrix and plaintiff, and if it was satisfactory with her it would be with the said H. M. Jackson, and thereupon and on said condition the said A. B. Harrington issued his check in said sum and delivered the same to the said H. M. Jackson and at said time and with the same understanding the entry appearing on the judgment docket and set out in paragraph 2 of the complaint was made with the further understanding and agreement that if said offer was not satisfactory and was not accepted by Miss Campbell the same should be stricken out; that Miss Eunice Harrington, Trustee, was not present, had no consideration with the same and did not know of said entry and paid nothing for the same and no sum has ever been paid for said entry and purported transfer of said judgment used as a receipt as therein stated and the same was and is without consideration and void; that said H. M. Jackson explained at the time to the said Harrington that he was without authority to make said settlement unless the same was agreeable to the plaintiff, Tannie S. Campbell, and that it might be necessary for her to take the same up with the heirs at law, most of whom were of age and entitled to the larger part of said judgment; (that the said H. M. Jackson delivered said check of A. B. Harrington to Tannie S. Campbell, who immediately took the same up with the heirs at law of the said W. W. Henley and particularly with Earl Henley, who lived at some distance, and for some time had various negotiations in an effort to perfect the settlement of the same)"; that Earl Henley, as well as other heirs at law of W. W. *Page 126 
Henley, refused to accept said check in settlement of the judgment, and advised Tannie S. Campbell that he and they would hold her liable for said judgment, in consequence of which on 25 June, 1936, she so notified A. B. Harrington and returned the check; and that thereafter H. M. Jackson, pursuant to and in accordance with the agreement, struck lines across the entry on the margin of the judgment, which attempted to transfer the judgment to Eunice Harrington, Trustee, and no complaint thereof or objection thereto has been made until execution on the judgment was caused to be issued.
Defendants in answer filed 3 October, 1941, adopt the averments included in further answer, etc., of 11 June, 1941, and (1) as further defense and plea in bar of plaintiffs' right to recover in this action, plead the three-year statute of limitation, and (2) for "counterclaim, cross action and affirmative relief," declare upon the judgment and pray judgment thereon against plaintiff A. B. Harrington.
Plaintiffs in reply deny all the allegations of the answers and cross actions of defendants which are contradictory of allegations of the complaint.
Upon the trial the parties having offered evidence tending to support their respective allegations, and having made certain admissions, the court submitted the case to the jury upon one issue as follows: "Is the plaintiff, Mrs. Eunice Harrington, Trustee for A. B. Harrington, owner and holder of the Judgment No. 5570, recorded in Book 8, at page 280, of the office of the Clerk of the Superior Court of Lee County, rendered in the action of Tannie S. Campbell, Executrix, and W. W. Henley, deceased, vs. J. L. Covington, et als?" which the jury answered "No."
Two other issues, as to balance due and unpaid on the judgment, and as to the three-year statute of limitation, were answered by the court.
From judgment on verdict, plaintiffs appeal to Supreme Court and assign error.
While in the record on this appeal there are many assignments of error, the one paramounted by plaintiffs permeates many of them. It is that the court erred in placing the burden of proof on the plaintiffs as to the issue submitted, and in undertaking to have the jury pass upon affirmative averment of defendants under the same issue, and requiring defendants to satisfy the jury from the evidence, but not by its greater weight, as to the averment that the transfer was on condition. We are of opinion, and hold, that this was inappropriate under the pleadings. *Page 127 
The plaintiffs declare upon a public record, a transfer of judgment, allegedly made by attorney of record, acting under authority expressly granted by statute, G.S., 1-240, formerly C. S., 618, in which there is nothing to indicate that the attorney received less than full value. When this is shown it is presumed, as held on former appeal, supra, that he acted within the scope of his authority, and the burden is on the party seeking to set the transfer aside, to prove that no such authority existed. See Gardiner v. May, 172 N.C. 192, 89 S.E. 955; Chavis v. Brown,174 N.C. 122, 93 S.E. 471; Chemical Co. v. Bass, 175 N.C. 426,95 S.E. 766; Bizzell v. Equipment Co., 182 N.C. 98, 108 S.E. 439; Barnes v.Trust Co., 194 N.C. 371, 139 S.E. 689; Bank v. Penland, 206 N.C. 323,173 S.E. 345; Jones v. Waldroup, 217 N.C. 178, 7 S.E.2d 366; Keenv. Parker, 217 N.C. 378, 8 S.E.2d 209.
In other words, plaintiffs have the burden of proving the record, and defendants have the burden of making good their attack upon the record, and not simply the burden of going forward with evidence. The burden of proof under such circumstances cannot be on both parties at the same time. SeeSpeas v. Bank, 188 N.C. 524, 125 S.E. 398; Williams v. Ins. Co.,212 N.C. 516, 193 S.E. 728.
Moreover, an analysis of the pleadings indicates that in lieu of the single issue submitted to the jury, and in addition to the two issues answered by the court, on the trial below, issues substantially these arise:
1. Did H. M. Jackson, attorney for Tannie S. Campbell, Executrix of W. W. Henley, deceased, make the transfer of the judgment to Miss Eunice Harrington, Trustee, in words and figures as alleged in the complaint?
2. If so, was such transfer on condition that Jackson, attorney, would take the check for $501.00 and submit it to Tannie S. Campbell, Executrix aforesaid, for her acceptance, and, if not accepted by her the transfer should be stricken out?
3. Was the transfer of the judgment by Jackson, attorney, based upon compromise settlement?
4. If so, was H. M. Jackson, attorney, without special authority from Tannie S. Campbell, Executrix of W. W. Henley, to effect such settlement?
5. If not, did Tannie S. Campbell, Executrix of W. W. Henley, ratify the acts of H. M. Jackson, attorney, in such settlement?
The burden of proving the first issue is upon the plaintiffs. The burden of proof as to the second, third and fourth issues, respectively, is upon the defendants. The burden of proof as to the fifth issue, which arises in the event either the second or fourth issue, or both of them, be answered in the affirmative, would be upon the plaintiffs. *Page 128 
As there must be a new trial, the matters to which other exceptions relate may not recur. Hence, no consideration is given to them.
New trial.