M. G. WRIGHT v. EVELYN H. WRIGHT McMULLAN EXECUTRIX OF THE ESTATE OF FLEETWOOD WRIGHT

AND

M. G. WRIGHT v. DOLLY MAE WRIGHT, EXECUTRIX OF THE ESTATE OF ERNEST WRIGHT.

(Filed 25 February, 1959.)

1. **Evidence § 2—**

    Federal regulations having general application and legal effect and published in the Federal Register must be given judicial notice. 44 USCA 307.

2. **Gifts § 1—**

    The ownership of U. S. Savings Bonds, Series E, is fixed by the U. S. Treasury regulations in effect when the bonds are issued, irrespective of state laws relating to gifts *inter vivos* or *causa mortis.*

3. **Same—**

    Where the purchaser of U. S. Savings Bonds has them issued and registered in the name of his son and retains them in his possession, the son, or upon the son's death, his personal representative, is entitled

to the proceeds of the bonds under Federal regulations, irrespective of the purchaser's mistake as to the legal consequences flowing from his intentional and deliberate act in having the bonds so issued and registered, there being no mistake of fact in regard thereto.

**4. Reformation of Instruments § 1—**

Where the purchaser of U. S. Bonds has them issued in the name of his son and retains possession thereof, he may not, upon the subsequent death of the son, assert ownership of the funds upon his contention that he intended merely to set aside the funds which could be made a gift at some future time should he so desire, since a party may not avoid the legal effect of his acts because of ignorance of law unless there be some fraud or circumvention.

APPEAL by plaintiff from *Bundy, J.,* September 1958 Term of PASQUOTANK.

These actions were instituted to obtain declaratory judgments (G.S. 1-253 *et seq.*) determining the ownership of four matured U. S. Savings Bonds, Series E.

On 16 April 1948 plaintiff purchased from Guaranty Bank & Trust Company, as issuing agent, two bonds with a matured value of $1,000 each and two bonds of a matured value of $500.00 each. He caused one $1,000 bond and one $500 to be registered in the name of his son Fleetwood Wright. The other bonds were, at his direction, registered in the name of his son Ernest Wright.

Fleetwood Wright died testate 16 January 1957. His widow qualified and is now acting as executrix of his will.

Ernest Wright died testate 6 July 1957. His widow qualified and is now acting as executrix of his will.

Neither son was informed of the purchase and registration of the bonds in their names. Plaintiff has had exclusive possession of the bonds from the date of issue.

Plaintiff alleges in section 4 of each complaint:

"That plaintiff's purpose in purchasing said bonds in the name of his son was to set aside at that time and in that manner the funds which could be the subject of a gift at some time in the future should plaintiff wish to make a gift to his son, or, if not made the subject of a gift prior to plaintiff's death or otherwise disposed of, that the bonds would become the property of his son at plaintiff's death. That plaintiff did not intend to vest title to the bonds in his son when the same were purchased, and he had not so intended at any time prior to his son's death. That plaintiff's said son is now deceased and plaintiff wishes to redeem the aforesaid bonds for cash."

. Defendants, in their answers, asserted ownership of the bonds and

the right to collect the amount owing thereon by virtue of the regulations pursuant to which the bonds were issued.

The causes were consolidated. Defendants moved for judgment on the pleadings. The court thereupon adjudged defendants were entitled to the bonds registered in the names of their deceased husbands. Plaintiff excepted and appealed.

*LeRoy, Goodwin & Wells for plaintiff, appellant.*
*Worth & Horner and J. W. Jennette for defendant appellees.*

RODMAN, J.   The statute authorizing the sale of savings bonds expressly provides that they shall be issued subject to such terms and conditions as the Secretary of the Treasury may prescribe. 31 USCA 757C.

Regulations having general application and legal effect must be published in the Federal Register, 44 USCA 305. The contents of the Federal Register must be judicially noticed, 44 USCA 307. Periodically these regulations are codified and published as Code of Federal Regulations (C F R).

Ownership of the bonds is fixed by the regulations in effect when the bonds were issued. *Jones v. Callahan,* 242 N.C. 566, 89 S.E. 2d 111; *Watkins v. Shaw,* 234 N.C. 96, 65 S.E. 2d 881; *Ervin v. Conn,* 225 N.C. 267, 34 S.E. 2d 402; *Lee v. Anderson,* 218 P 2d 732 (Ariz.); *Davies v. Beach,* 168 P 2d 452 (Cal.); *Harvey v. Rackliffe,* 41 A 2d 455, 161 A.L.R. 296 (Maine); *In re Briley's Estate,* 21 So. 2d 595 (Fla.); *Connell v. Bauer,* 61 N.W. 2d 177, 40 A.L.R. 2d 776 (Minn.) The regulations in effect when the bonds here in question were issued appear in 31 CFR 1949 ed.

Pertinent to the decision of this case, the regulations provide:

(1) "United States Savings Bonds are issued only in registered form. The name and post office (mailing) address of the owner, as well as the name of the co-owner or designated beneficiary, if any, and the date as of which the bond is issued will be inscribed thereon at the time of issue by an authorized issuing agent. The form of registration used must express the actual ownership of and interest in the bond and, except as otherwise specifically provided in the regulations in this part, will be considered as conclusive of such ownership and interest." 315.2.

(2) Bonds of Series E may be registered only in the names of individuals and may be registered in one of three forms: (a) in the name of one person, (b) in the name of two (but not more than two) persons in the alternative as co-owners, e.g., "John A. Jones or Mrs. Ella

S. Jones." No other form of registration establishing co-ownership is authorized. (c) in the name of one (but not more than one) person, payable on death to one (but not more than one) other person, e.g., "John A. Jones, payable on death to Miss Mary E. Jones." 315.4

(3) "A claim against an owner or co-owner of a savings bond and conflicting claims as to ownership of or interest in such bond as between co-owners or the registered owner and a designated beneficiary, will be recognized when established by valid judicial proceedings and payment or reissue will be made, upon presentation and surrender of the bond, except as follows:

"(a) No such proceedings will be recognized if they would give effect to an attempted voluntary transfer *inter vivos* of the bond or would defeat or impair the rights of survivorship conferred by the regulations in this part upon a surviving co-owner or beneficiary.

"(b) A judgment creditor, a trustee in bankruptcy or a receiver of an insolvent's estate will have the right to payment (but not to reissue) and a judgment creditor will be limited to payment at the redemption value current thirty days after the termination of the judicial proceedings or current at the time the bond is received, whichever is smaller.

"(c) If a debtor, or bankrupt, or insolvent, is not the sole owner of the bond, payment will be made only to the extent of his interest therein, which must be determined by the court or otherwise validly established.

"A divorce decree ratifying or confirming a property agreement between husband and wife or otherwise settling their respective interests in savings bonds, will be recognized and will not be regarded as a proceeding giving effect to an attempted voluntary transfer for the purpose of this section." 315.13

(Subsequent to the issuance of these bonds the regulations have been amended to permit a valid gift *causa mortis*.)

(4) "A savings bond registered in the name of one person in his own right without a co-owner or beneficiary, or to which one person is entitled in his own right under regulations in this part, will be paid to such person during his lifetime upon a duly executed request for payment. Upon the death of the owner, such bond, if not previously redeemed, will be considered as belonging to his estate and will be paid or reissued accordingly." 315.43

(5) 315.45 makes provision for payment of bonds registered in the names of co-owners and 315.46 makes provision for payment of bonds registered in the name of a designated person, payable on death to a named beneficiary.

(6) "Reissue of a savings bond will be restricted to a form of registration permitted by the regulations in effect on the date of original issue of the bond and will be made only upon surrender of the bond and only in accordance with the provisions of the regulations in this part. Reissue of a savings bond in a different name or in a different form of registration will be made only in the following instances:

"(a) To correct an error in the original issue, upon appropriate request, supported by satisfactory proof of such error unless the error is made by the issuing agent.

"(b) To show a change in the name of an owner, co-owner or designated beneficiary, upon his request, supported by satisfactory proof of the change of name if for any reason other than marriage." 315.32

The regulations by clear and unmistakable language fix ownership by the form of registration. These bonds could not be the subject of a gift *inter vivos* or *causa mortis*. State laws fixing the requirements for a valid gift have no application to these bonds.

No judgment can have validity which nullifies regulations issued by the Treasury Department within the authority granted by Congress in the exercise of its constitutional powers.

The regulations make provision for the correction of errors in the form of registration. Plaintiff here does not allege any mistake in the form of registration. To the contrary he expressly avers that the bonds were registered in accordance with his specific direction. He merely says his intentional act produces a different legal consequence from that contemplated when he acted. His mistake as to the legal consequences flowing from his deliberate and intentional act cannot destroy the force and effect of the law.

In the language of *Barnhill, J. (later C.J.)*, in *Trust Co. v. Waddell*, 234 N.C. 454, 67 S.E. 2d 651: "(T)he distinction between rules of construction and rules of law controlling construction must be kept in mind. While all other rules of construction must yield to the primary 'intent' rule, the intent must yield to conflicting rules of law controlling construction such as the rule in *Shelley's* case and the rule against perpetuities."

"It is settled that mere ignorance of law, unless there be some fraud or circumvention, is not a ground for relief in equity to *set aside* conveyances or avoid the legal effect of acts which have been done." *Foulkes v. Foulkes*, 55 N.C. 260; *Bledsoe v. Nixon*, 68 N.C. 521; *Greene v. Spivey*, 236 N.C. 435, 73 S.E. 2d 488; *Edgerton v. Harrison*, 230 N.C. 158, 52 S.E. 2d 357; *Griffin v. Springer*, 244 N.C. 95, 92 S.E. 2d 682; 12 Am. Jur. 633, 634.

Plaintiff and the United States are bound by the contract which obligated the United States to pay the stipulated amounts to the registered owner or on his death to his estate. *Ervin v. Conn, supra; Ibey v. Ibey,* 43 A 2d 157 (N.H.); *Parkinson v. Wood,* 30 N.W. 2d 813 (Mich.); *Myers v. Hardin,* 186 S.W. 2d 925 (Ark.); *Knight v. Wingate,* 52 S.E. 2d 604 (Ga.); *In re Haas' Estate,* 77 A 2d 523 (N.J.).

The registered owner of these bonds occupies a position similar to a beneficiary in a policy of insurance where the right to change the beneficiary has not been reserved by the insured. In such a situation the insured has no power to substitute himself as the beneficiary or to defeat the right of the named beneficiary to collect upon the happening of the designated event. *Wilson v. Williams,* 215 N.C. 407, 2 S.E. 2d 19; *Wooten v. Odd Fellows,* 176 N.C. 52, 96 S.E. 654; *Walser v. Ins. Co.,* 175 N.C. 350, 95 S.E. 542.

Under the regulations plaintiff, had he elected to do so, could have reserved the right to change the beneficiary of the contract. He elected not to do so. His election then made is now binding.

Affirmed.