LOUIS N. PRENTZAS v. HELEN J. PRENTZAS, ADMINISTRATRIX OF JOHN
N. PRENTZAS, DECEASED, HELEN J. PRENTZAS, NICHOLAS J. PAT-
TERSON AND GUS J. PATTERSON.

(Filed 19 July 1963.)

1. **Limitation of Actions § 8; Partnership § 9—**

The right of action by one partner to compel an accounting by the other
does not arise and the statute of limitations does not begin to run until
the demanding partner has notice of the other partner's termination of
the partnership and refusal to account, and evidence disclosing that de-
mands for an accounting were met with requests for time in which to
prepare an account and that the demanding partner had no notice that
the other partner would not account until less than the crucial three
year period had expired warrants a peremptory instruction to answer
the issue of the bar of the statute in the negative.

2. **Limitation of Actions § 9—**

Where a claim is not barred at the time of the debtor's death, the
death suspends the running of the statute until the qualification of an
administrator, and the creditor has one year from the date of the ap-
pointment of the administrator within which to bring suit. G.S. 1-22.

3. **Accord and Satisfaction § 1—**

Ordinarily when an offer of money or property in full discharge of an
obligation is accepted and retained, such acceptance and retention is a
complete discharge of the claim, even though the sum or value of the
property received is less than the amount owing. G.S. 1-540.

4. **Same— Person entitled to hold title as trustee may accept title as
trustee without binding himself to settlement in individual capacity.**

Where a partnership in real estate held for rentals has title to land
purchased with partnership funds put in the name of the wife of one of
the partners and, after demand of the other partner for an accounting,
one of the pieces of real estate is conveyed to him with verbal statement
that it was in complete settlement, the retention of the deed and the col-
lection of rentals would constitute a settlement regardless of the intent
of the grantee partner if he accepted the deed as conveying the property
to him in his individual capacity and collected the rentals on the basis of
individual ownership, but would not constitute a settlement if he merely
retained title for the partnership, offering to account for the rents and
profits in the settlement of the partnership affairs.

APPEAL by defendants from *Armstrong, J.,* September 10, 1962 Civil
Term of GUILFORD (Greensboro Division).

This is an action to declare a trust and for an accounting of part-
nership assets. The complaint alleges these facts: Plaintiff (Louis)
and his brother, John N. Prentzas, (John), who died 12 October 1952,
formed a partnership about 1938 for the purchase of real estate in
Greensboro to be held as rental properties; pursuant to the partner-

ship agreement three tracts were purchased, one in 1938, the other two in 1939; the total purchase price of the three tracts was $25,000; Louis contributed $11,500, John, $5,000; the remaining $8,500 was paid from rents collected from the properties; John managed the partnership; he took title to the three parcels in the name of his wife, defendant Helen J. Prentzas (Helen); from time to time plaintiff called for an accounting of partnership assets and liabilities; he was assured that full and proper accounting would be made; on 30 March 1950 John and Helen executed, acknowledged, and had recorded in Guilford County a deed conveying to plaintiff one of the pieces purchased with partnership assets; after the recorded deed had been delivered to plaintiff, he was told by John the property described in the deed was settlement in full of Louis's claim to partnership assets; plaintiff refused to recognize the conveyance as a settlement, but did not reconvey; on 6 October 1950 John and Helen, for the purpose of defrauding plaintiff, conveyed one of the three pieces of the partnership property to Nicholas J. Patterson and Gus J. Patterson, sons of John and Helen; Helen qualified as administratrix of the estate of John in the Superior Court of Guilford County on 12 November 1952.

Defendants denied there had been a partnership between plaintiff and John. As additional defenses they allege (1) the cause of action was barred by the three-year statute of limitations, (2) the deed of 30 March 1950, followed by plaintiff's collection of rents from that property, constituted an accord and satisfaction, and (3) plaintiff had delayed so long in asserting his claim that a court of equity would not permit him to recover.

There was a motion for reference. Judge Armstrong held a pretrial conference. He concluded from his examination of the pleadings and statements then made that issues should be submitted to a jury with respect to the asserted bar of the statute of limitations and the plea of accord and satisfaction, but there was nothing to warrant the submission of an issue as to the plea of laches. Issues with respect to the statute of limitations and the plea of accord and satisfaction were submitted to a jury. It answered each issue in the negative. Judgment was entered that plaintiff's claim was not defeated by any of the three special pleas. The cause was referred for a determination of the other issues arising on the pleadings.

*Andrew Joyner, Jr., and Adams, Kleemeier, Hagan and Hannah by Charles T. Hagan, Jr., for plaintiff appellee.*

*Smith, Moore, Smith Schell & Hunter by David M. Clark for defendant, appellants.*

RODMAN, J.   The court instructed the jury if it found the facts to be as all the evidence tended to show, it should answer the first issue (statute of limitations) in the negative. Defendants assign this peremptory instruction as error. The partnership existing between Louis and John created a fiduciary relationship imposing on John, the managing partner, the duty upon request of Louis, to render a full and accurate account of partnership affairs. *Casey v. Grantham,* 239 N.C. 121, 79 S.E. 2d 735. The three-year statute of limitations was applicable to plaintiff's claim against John or his estate, G.S. 1-52, but the statute did not begin to run until Louis had notice of John's termination of the partnership relationship and his refusal to account. *Solon Lodge v. Ionic Lodge,* 247 N.C. 310, 101 S.E. 2d 8; *Teachey v. Gurlay,* 214 N.C. 288, 199 S.E. 83; *Greenleaf v. Land Co.,* 146 N.C. 505; *Robertson v. Dunn,* 87 N.C. 191.

The evidence is that Louis made requests for an accounting and even threatened to bring suit to compel an accounting. These requests and threats were not rejected but were met with requests for time in which to prepare the account. Not until 30 March 1950 did Louis know that John would not perform his duty and render a statement showing the status of the partnership. John died within three years of the date Louis learned that John would not account. John's death suspended the running of the statute until the qualification of an administratrix and gave him one year from that date in which to bring his suit. G.S. 1-22. Helen qualified as administratrix 12 November 1952. This action was begun 10 November 1953. The cause of action, if the jury accepted the evidence as true, did not arise until 30 March 1950. If that is the date on which the cause of action accrued, it follows as a matter of law that the action is not barred. We find no error in the instruction given the jury on the first issue.

We find nothing in the record which would support an affirmative answer to defendants' plea of laches. It follows that the court properly refused to submit that question to the jury.

Defendants' plea of accord and satisfaction "is recognized as a method of discharging a contract, or settling a cause of action arising either from a contract or a tort, by substituting for such contract or cause of action an agreement for the satisfaction thereof, and an execution of such substitute agreement." *Walker v. Burt,* 182 N.C. 325, 109 S.E. 43; *Products Corp. v. Chestnutt,* 252 N.C. 269, 113 S.E. 2d 587; *Bizzell v. Bizzell,* 247 N.C. 590, 101 S.E. 2d 668; *Allgood v. Trust Co.,* 242 N.C. 506, 88 S.E. 2d 825, 1 Am. Jur. 2d 301.

The word "agreement" implies the parties are of one mind—all have a common understanding of the rights and obligations of the

others—there has been a meeting of the minds. *Richardson v. Storage Co.,* 223 N.C. 344, 26 S.E. 2d 897; *Sprinkle v. Ponder,* 233 N.C. 312, 64 S.E. 2d 171; *Allgood v. Trust Ca., supra; McCraw v. Llewellyn,* 256 N.C. 213, 123 S.E. 2d 575. Agreements are reached by an offer by one party and an acceptance by the other. This is true even though the legal effect of the acceptance may not be understood. *Wright v. McMullan,* 249 N.C. 591, 107 S.E. 2d 98; *McGill v. Freight,* 245 N.C. 469, 96 S.E. 2d 438; *Greene v. Spivey,* 236 N.C. 435, 73 S.E. 2d 488.

Ordinarily when a creditor calls on his debtor or a beneficiary calls on his trustee for an accounting and settlement and the demand is met with an offer of money or property in full discharge of debtor's or trustee's obligation, an acceptance and retention of the thing tendered constitutes a complete discharge even though the sum or property received is less than the amount actually owing. G.S. 1-540; *Casualty Co. v. Teer Co.,* 250 N.C. 547, 109 S.E. 2d 171; *Moore v. Greene,* 237 N.C. 614, 75 S.E. 2d 649; *Durant v. Powell,* 215 N.C. 628, 2 S.E. 2d 884; *DeLoache v. DeLoache,* 189 N.C. 394, 127 S.E. 419; 1 C.J.S. 487.

Here plaintiff alleges the deed of 30 March 1950 to him from John and Helen was tendered "in full of plaintiff's share of all property then belonging to their partnership account." Plaintiff alleged both the conditional offer and his refusal to accept the offer as made.

Defendants' allegation that the offer was accepted presents the sole controverted phase of their plea of accord and satisfaction. To support their assertion of acceptance they contend: Plaintiff has retained the deed and has not offered to reconvey; shortly after receipt of the deed he notified the tenants he was the owner of the property and would collect the rents; he stipulated at the trial that he had collected the rents since March 1950 and had sold the property to Redevelopment Commission of Greensboro.

Plaintiff, in support of his denial of acceptance, contends: When the recorded deed was delivered to him and he was then told by John that it was in full of his claim to partnership assets he stated that he would not so accept it but would insist on an accounting of all partnership assets; as partners he and John were co-owners with equal rights, G.S. 59-55, but Helen was a mere trustee of a resulting trust since the purchase money was provided by the partnership; Helen provided none; he was under no obligation to revest legal title in a mere trustee with the risk incident to such conveyance; he did continue to insist on an accounting; he employed counsel, who on his behalf demanded a settlement; when this was not made he instituted an action in the Superior Court of Guilford in August 1950

against John and Helen "to compel defendants to account for partnership funds for a division of partnership assets"; the conveyance to Redevelopment Corporation was under threat of condemnation; the other two pieces of partnership property have likewise been taken by Redevelopment Corporation; he collected the rents for the partnership and is prepared to account for his handling of the property when the account is taken.

If plaintiff held title to the property and collected the rents therefrom as an incident of *his* ownership he would be bound by the condition verbally stated by John when he delivered the deed of 30 March 1950. (The deed is not copied in the record. We do not understand it contains any statement that it was made in settlement of plaintiff's claim.) On the other hand, if plaintiff received the deed and retained legal title for the partnership, he would not be bound by John's verbal statement.

Defendants assign as error this portion of the court's charge: "If you should find from the evidence in this case that the plaintiff, Louis Prentzas, accepted this deed and even collected the rent and profit therefrom thereafter and until the present time, but he did not intend to accept it in full settlement or in satisfaction and accord of his alleged partnership affairs, then, of course, you would answer the issue, 'No'."

The assignment is well taken. The question for decision was not whether plaintiff intended to accept the conveyance in settlement of his claim but whether he took and retained title to the property for his own benefit or for the benefit of the partnership. We think the jury might well have understood the court to say that the acceptance of title and collection of the rents as plaintiff's individual property would not bind him if he intended not to be bound.

There must be a

New trial.